## Rowand *versus* Finney et ux.

1. It is only on the ground of fraud, accident or mistake, in the procurement of a written instrument, or fraudulent use of it afterwards, that a chancellor will lend his aid to 'a party who seeks to avoid the legitimate operation of such an instrument; and while parol evidence is admissible to prove the alleged fraud, accident or mistake, the evidence should always be clear, precise and indisputable.

2. Under our peculiar system of administering equitable principles in common-law actions the judge presiding at the trial performs the functions of a chancellor, and if his conscience is not moved to grant the equitable relief sought, it is his duty to interpose, either by withdrawing the case from the jury, or by refusing to receive or enter judgment on a verdict that is contrary to equity and good conscience.

3. Per STERRETT, J.—If upon a review of the testimony, we are satisfied that the evidence is insufficient, and that the case should not have been submitted to the jury, or that the instructions of the court below were inadequate, we should reverse.

November 9th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1880, No. 134.

This was an action in assumpsit brought by John A. Finney

[Rowand v. Finney.]

and Ada M. Finney, his wife, for use of the said Ada M. Finney, against A. H. Rowand, Jr., to recover the sum of $1965, with interest from August 3d 1875.

A. H. Rowand, Jr., the defendant below, by warrantee deed dated August 3d 1875, conveyed to Ada M. Finney certain property in the borough of Verona, county of Allegheny, for the consideration of $2700. He received $1200 cash and a purchase-money mortgage with bond and notes of John A. and Ada M. Finney for $1500, payable in two instalments of $750 each, in four and six months respectively. The four months' note he endorsed to the Franklin Savings Bank, of Allegheny. The six months' note was endorsed to the Diamond National Bank, of Pittsburgh. When the first note matured, it was protested for non-payment, and a few days thereafter Finney paid one-half of the amount, and a new note for the other one-half, with interest added, was made by Finney and wife to Rowand's order, and by him was endorsed to the Franklin Savings bank as before. This second note was also protested for non-payment at maturity. The six months' note held by the Diamond National Bank was not paid and was protested at maturity. No further payments were made on these notes, and a scire facias was issued on the mortgage to No. 488, April Term 1876, marked A. H. Rowand, for use of the Diamond National Bank and George R. Riddle, trustee of the Franklin Savings Bank, v. Ada M. Finney and John A. Finney, her husband. Finney and wife appeared and made defence to this action, and on the trial there was a verdict against them for $848.92. Judgment was entered on the verdict and the property was sold on a levari facias, following the judgment, to the Diamond National Bank. After these proceedings and sale, the present action was brought, wherein Finney and wife claimed that the whole transaction was a loan of money made by Mrs. Finney to Rowand. The declaration was in assumpsit, with a special count setting forth the giving of the deed, mortgage and other papers, together with the money paid as a loan. The answer was non assumpsit, with leave, &c., and a special plea setting up the suit and judgment at No. 488, April Term 1876, in bar of the present action. The case was twice tried. On the first trial the jury disagreed. On the second trial the testimony was very contradictory. Finney and wife both testified that the transaction was a loan of money to Rowand, the plan of giving a deed, executing a mortgage, notes, &c., having been suggested by Rowand, adopted by Finney, and consented to by Mrs. Finney, who claimed to be the owner of the money paid on account of the alleged loan. Rowand, on the other hand, swore that the transaction was simply what it purported to be on its face—a sale of the property for $2700; $1200 cash and four and six months for the remaining $1500; that his contract was made with John A. Finney, to

[Rowand *v.* Finney.]

whom he first made out and delivered the deed, and that this deed was subsequently surrendered and a new one made to Mrs. Finney, at John A. Finney's request. That at the time the second deed was delivered he also executed and delivered a paper to Mrs. Finney, agreeing to repurchase the property at the expiration of two years, at the price paid, if Mrs. Finney should desire it, and denying that there was any conversation or contract between himself and John A. Finney, or between himself and Mrs. Finney, tending to make the transaction a loan. He also showed the possession of the property in the Finneys, and the payment of certain taxes by them.

The verdict of the jury under the charge of the court, Kirkpatrick, A. L. J., was for $1250, about one-half the plaintiff's claim.

The defendant took this writ, among his assignments of error being the following:

3. The court erred in refusing to affirm the defendant's third point, and in their answer thereto, as follows:

That it appears by the pleadings and evidence in this case that a scire facias was regularly issued upon the said mortgage of John A. Finney and Ada M. Finney, his wife, the plaintiffs, to A. H. Rowand, Jr., to No. 488, April Term 1876, of this court; that in said case both John A. Finney and Ada M. Finney, his wife, appeared and contested said proceedings and mortgage; that a verdict and judgment was had against the said Finney and wife in said suit, and by virtue of said verdict and judgment said plaintiffs here, John A. Finney and Ada M. Finney, are estopped and precluded from having or maintaining this action, and the verdict of the jury must be for the defendant.

Ans. "Refused. We do not think the plaintiffs are estopped by the proceedings referred to in the foregoing point."

5. The court erred in the answer to and affirmation of the plaintiffs' third point:

That although the jury may believe that John A. Finney made a contract for the purchase of the property in question with the defendant, A. H. Rowand, the beneficial plaintiff in this case, Mrs. Ada M. Finney, is not bound by such contract, unless she gave to the same her assent and ratification.

Ans. "Affirmed. The papers, however, upon their face indicating that she did give her consent or assent, she must overcome or explain away this consent or assent so appearing upon the face of the deed, bond and mortgage, by clear, satisfactory and convincing testimony. Unless she does so, or rather has done so, your verdict must be for the defendant."

6. The court erred in charging the jury, in substance, where the whole question was one of fact, that the jury might find for the plaintiffs for the whole or a part of the amount claimed.

[Rowand v. Finney.]

7. The court erred in not charging the jury that the plaintiffs could not recover, and that their verdict should be for the defendant.

*J. H. Baldwin* and *James Fitzsimmons*, for plaintiff in error.— Under the charge in answer to the third point of the plaintiffs below, the jury were authorized to find that Rowand did in good faith make a contract with John A. Finney for the sale of this property, deliver his deed to Mrs. Finney, receive her money, mortgage and notes in pursuance of that contract, and that Mrs. Finney held the possession of the property till it was sold from her at sheriff's sale, and then—nearly three years thereafter—could come into court and by proving that she had not understood the contract made for her by her husband, reverse all that had been done and recover the money paid with interest. We respectfully submit that such cannot be the law in this case. On the contrary, we believe the law to be too well settled for dispute that a married woman who undertakes to transact business with strangers through her husband as her agent, and ratifies his acts by her deed, is just as effectually bound by his representations as if she were single and acted through any other agency. Can it be possible that after keeping possession of this property until it was sold from her at sheriff's sale, after having averred in defence of her mortgage that the contract was a sale with an agreement for repurchase; after placing herself in such position that she could not restore the property to the vendor, and without offer of reparation for damages sustained, she can be permitted to recover on proof that she had not understood her husband's contract for her; that she did not intend to assent to a purchase but only to a loan? Surely strangers have some rights which a married woman is bound to respect, and sealed instruments carry some obligations with them. It should be observed that there is no charge of fraud or collusion between the husband and Rowand. The point rests simply upon the assent or consent of Ada M. Finney.

*Robert Robb*, for defendants in error.—A judgment of a court of concurrent jurisdiction upon a cause of action between the parties and upon the same grounds, is conclusive evidence of a former recovery, and will operate as a plea in bar or an estoppel : Lentz *v.* Wallace, 5 Harris 412. The sale in this cause was a transaction in the nature of a loan. Mrs. Finney loaned Rowand $1200, and gave him the mortgage and notes to enable Rowand to raise money, and Rowand agreed to pay the instalments on the mortgage as they became due; this he neglected to do. Mrs. Finney paid $750 other than the first $1200, and at time of trial of sci. fa. on mortgage they knew Rowand owned the note for $750, and as a judgment in the sci. fa. proceeding would have been con-

[Rowand *v.* Finney.]

clusive between Mrs. Finney and Rowand they pleaded set-off, &c., and proved the judgment of $750. And the $1200 sued for is the money loan, and the cause of action is not the same subject-matter nor between the same parties, &c.

Mr. Justice STERRETT delivered the opinion of the court, November 22d 1880.

Under our system of jurisprudence, in which principles of equity are recognised and enforced in common-law proceedings, it is not always impossible to prove that a transaction, evidenced by a deed, conveying real estate, accompanied with a bond and mortgage from vendee to vendor, securing the unpaid portion of the purchase-money, was in fact a loan of money and credit, and not, as it purports to be, an absolute sale and conveyance of land; but, while this may be done, such an undertaking is always difficult and not always successful. As was said by Mr. Justice WILLIAMS, in Martin *v.* Berens, 17 P. F. Smith 459, "where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement, and we are not disposed to relax the rule. It has been found to be a wholesome one, and now that parties are allowed to testify in their own behalf, the necessity of adhering strictly to it is all the more imperative." It is only on the ground of fraud, accident or mistake, in the procurement of a written instrument, or fraudulent use of it afterwards, that a chancellor will lend his aid to a party who seeks to avoid the legitimate operation of such instrument; and, while parol evidence is admissible to prove the alleged fraud, accident or mistake, the evidence, as was held in the case above cited, should always be clear, precise and indubitable. If courts do not strictly enforce the rule, and, at the same time, exercise the power, with which they are invested in such cases, the security, afforded by deeds and other written instruments, as evidence of title and of business transactions between men, will be most seriously impaired.

When viewed in the light of prominent facts, which were undisputed, the case before us presents some singular features. By deed, dated and acknowledged August 3d 1875, the plaintiff in error and his wife, for the consideration of $2700, conveyed in fee a lot of ground, in the borough of Verona, to Mrs. Finney, one of the defendants in error, who at the same time united with her husband in a mortgage of the same lot, to the vendor, purporting to secure their bond to him conditioned for the payment of $750 in four months and the like sum in six months. At or about the same time the vendor received $1200, which, with the amount secured by the bond and mortgage, made up the full consideration mentioned in the deed. Shortly thereafter two notes payable to the order of the plaintiff in error, and corresponding in amount and time of pay-

[Rowand *v.* Finney.]

ment with the instalments of the bond, were given by defendants in error, as collateral to the bond. When the mortgage debt matured a scire facias was issued, in the name of the mortgagee to use of holders of the notes aforesaid, against the mortgagors, Finney and wife, both of whom appeared and filed a joint affidavit of defence, in which they recognised the validity of the mortgage, but claimed they had a just and legal defence, consisting of set off and payment, amounting to $814.98 in addition to the credit given by the plaintiff; and, as to the residue of the mortgage debt, their defence was that the scire facias was prematurely issued. Afterwards, in May 1877, the case was tried on the pleas, "payment, set off, with leave," &c., and resulted in a verdict and judgment for $848.92, in favor of the plaintiff, on which the mortgaged premises were sold. In all these transactions and proceedings, from first to last, there was not even the slightest intimation that the original transaction was anything else than a bona fide sale and conveyance of the lot, with bond and mortgage given to secure the residue of the purchase-money; but, strange as it may appear, after the lot was sold on the levari facias, as the property of Mrs. Finney, she and her husband, in her right, commenced the present action, in which, for the first time, they alleged that the original transaction in 1875 was a loan by her to Rowand, the plaintiff in error, and that the lot was conveyed to her merely as security. If, in the face of the written and record evidence and of the previous conduct of the parties, all to the contrary, such a position as this can be assumed and maintained in a court of justice, it should be permitted only upon clear, precise and indubitable evidence that the transaction was in reality a loan and not a sale and conveyance of land. If evidence of that character and degree is not rigidly insisted on in such cases, many who, in fancied security, rest in the belief that they have been selling real estate and receiving the purchase-money, will be surprised to be informed by the verdict of a jury that they were only borrowing money which they must repay, after the land they had conveyed has been seized and sold as the property of their vendees.

Several of the assignments are not in conformity to the rules of court, and are therefore not entitled even to a passing notice.

The third assignment is not sustained. In any view that could be taken of the case under the testimony, the defendant's third point was too broad, and it was properly refused.

In the plaintiff's third point, the affirmance of which forms the subject of the fifth assignment, the court was requested to charge: " That although the jury may believe that John A. Finney made a contract for the purchase of the property in question with the defendant, the beneficial plaintiff in this case, Mrs. Finney is not bound by such contract unless she gave the same her assent and ratification." The purchase of the lot by Mr. Finney was not a

[Rowand *v.* Finney.]

question in the case.   The deed conveyed it to Mrs. Finney, and from her testimony, it is very clear she knew that it purported to be an absolute conveyance to her, and with that understanding united with her husband in executing the bond and mortgage for the residue of the consideration-money ; but, while admitting that, in form, the transaction was a sale, she alleged that, in reality, it was a loan, and was so understood by the parties.   By affirming this point, an irrelevant inquiry was submitted to the jury, by which they may have been misled.

It is also complained that there was error in submitting the whole question to the jury as one of fact, and in not instructing them that, under the evidence, their verdict should be for the defendant.   As we have already seen, the money which the plaintiff below sought to recover was paid in a transaction, which, upon the face of the writings, was a sale and conveyance of land, and was, therefore, presumptively, at least, the consideration-money mentioned in the deed.   In making out the plaintiff's case, it necessarily appeared that the money was so paid, and it was therefore essential to their success that the deed should, in effect, be reformed and converted into a mortgage.   To this end the plaintiffs were obliged to invoke the equity power of the court, and upon that they must stand or fall.   It is undoubtedly true that when a deed, absolute on its face, was intended, in reality, by the parties thereto to operate as a mortgage, it may in equity be so treated, because it would be a fraud on the part of the grantee, for example, to hold and use as indefeasible an instrument which was delivered to and accepted by him as a defeasible conveyance ; but, it is only upon clear, precise and indubitable evidence of the fact that this can be done.   Under our peculiar system of administering equitable principles in common-law actions, the judge presiding at the trial performs the functions of a chancellor, and if his conscience is not moved to grant the equitable relief sought, it is his duty to interpose, either by withdrawing the case from the jury, or by refusing to receive or enter judgment on a verdict that is contrary to equity and good conscience.   As a judge, he ought not to permit a jury to do what he, as a chancellor, would not sanction.   When the requisite kind or degree of proof is wanting, the better practice is for the court to give the jury binding instructions, and thus withdraw the case from their consideration.   A duty somewhat similar devolves on this court, when cases, grounded on equitable principles, are brought here on writs of error.   If, upon a review of the testimony, we are satisfied that the evidence was insufficient, and that the case should not have been submitted to the jury, or that the instructions of the court below were inadequate, we should reverse.

The learned judge, in the body of his charge, properly instructed the jury that upon the face of the papers the transaction was a pur-

[Rowand v. Finney.]

chase of the lot, and that it was incumbent on the beneficial plaintiff to satisfy them " by clear and convincing testimony that such was not the fact, but that it was, as she claims, a mortgage, and intended as such to secure her in the loan."　But, afterwards, when the jury came into court for further instructions, he appears to have given them much greater latitude by saying : " The whole matter is in your own discretion.　You can do as you please.　You can knock off interest or make any compromise, or do as you please, but in determining the amount, as in determining any other feature of · the case, you ought to be controlled by the evidence."　It is true, the concluding part of the supplemental charge above quoted, was in answer to the inquiry of a juror as to whether, in case they found a verdict in favor of the plaintiffs, they might refuse to allow interest ; but still it was calculated to impress the jury with the idea that the whole case was committed to their almost unlimited discretion.　In view of the nature and character of the testimony, we think the court would not only have been justified in saying to the jury that the evidence was insufficient to warrant a verdict in favor of the plaintiffs for any amount, but we are of opinion that it was their duty to have done so.　The evidence on which the plaintiffs relied was neither clear nor precise, and far from being indubitable.　While, on the other hand, the deed and other writings clearly and with precision evidenced a sale and conveyance of the lot ; and this was strongly corroborated by acts and declarations of the plaintiffs prior to the sale of the lot on the levari facias, and also by the testimony of the defendant and other witnesses.　It was shown that after she received the deed, Mrs. Finney spoke of their having purchased the lot and of their intention to improve it ; and also, that it was leased on the shares for gardening purposes the next season after it was conveyed.　In short, nearly the whole of the evidence, written and oral, except the testimony of the plaintiffs themselves, tended strongly and we think conclusively to show that the transaction was, in fact, what upon the face of the papers it purported to be, a sale and conveyance of the lot, accompanied with bond and mortgage, given to secure the residue of purchase-maney.　The conduct of the plaintiffs was in entire accord with this from the inception of the transaction until after the property was sold to pay the residue of purchase-money secured by the mortgage.　It was after this had occurred that the idea of converting the transaction into a loan, was probably conceived.　On the whole, we think it was a clear case for binding instructions to the jury to render a verdict in favor of the defendant below.

Judgment reversed.