# Crescent Pipe Line Company, Appellant, v. Jeffries.

*Contract—Option for telegraph line—Exercise of option—Location of line—Evidence to vary written agreement—Inducement.*

By an agreement in writing an owner of land gave an option to a pipe line company to lay its pipe line and a telegraph line across his land. The option was to be exercised by the adoption of a location within six months, and the right of way was to continue as long as used for the purposes specified. The company adopted the location of a pipe line across the land, but did not adopt a location for the telegraph line, but constructed the latter along a highway. Sixteen years afterwards the company attempted to locate its telegraph line across the land, and the owner filed a bill in equity to restrain such action. Two witnesses for the owner testified that at the time the option was signed by the owner the latter refused to sign on account of the provision about the telegraph line, and that the company's agent said that the telegraph line would be built along the road and not over the farm. *Held*, that the owner was entitled to an injunction either, (1) because the company had lost its right by its failure to build within six months, or (2) because it had forfeited its right for nonuser for sixteen years, or (3) because it was estopped by the contemporaneous agreement made by its agent at the time the contract was signed.

Argued Oct. 30, 1912. Appeal, No. 39, Oct. T., 1912, by plaintiff, from decree of C. P. Huntingdon Co., Dec. T., 1909, No. 161, on bill in equity in case of Crescent Pipe Line Company v. John M. Jeffries. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction. Before WOODS, P. J.

The agreement upon which the suit was based was as follows:

"In consideration of one dollar now paid and six dollars and ninety cents to be paid in event of location herein mentioned being adopted within six months after the first day of January, 1892, I hereby grant to Crescent Pipe Line Company of Pittsburg, Pa., the right to construct, maintain and remove a gas or oil pipe line, also tele-

graph line over and through my farm in Dublin Township, Huntingdon County, Pa., said line to be constructed on the route as now indicated by survey on the premises. This right of way to continue as long as used for the above purpose, said Crescent Pipe Line Company shall be liable for all damages arising from the maintenance of said line, and if such damages cannot be mutually agreed upon, each party to this agreement shall select one man and they two a third whose decision as to amount of damages shall be final and such damage shall be paid within thirty days of such decision.

"In event foregoing location is not adopted by Crescent Pipe Line Company on or before July 1st, 1892 then this instrument is not binding on either party or the second payment to be made.

"The above conditions shall apply to heirs, successors or assigns of the parties hereto.

"In witness whereof, the parties have hereunto set their hands and seals the 24th day of November, A. D. 1891.

"G. W. JEFFRIES   (Seal)."

The facts are stated in the opinion of the Superior Court. The court entered a decree in favor of the plaintiff.

*Error assigned* was the decree of the court.

*Thomas F. Bailey*, for appellant.—The fact that another right of way than that acquired by deed was used is no evidence of the abandonment of the right of way acquired by deed, in the absence of any proof that the owner of the land obstructed such right of way: Weaver v. Getz, 16 Pa. Superior Ct. 418.

That the law in this state is that a right of way claimed by express grant cannot be extinguished by nonuser is now beyond controversy: Twibill v. Ry. Co., 3 Pa. Superior Ct. 487; Bombaugh v. Miller, 82 Pa. 203; Citizens' Electric Co. v. Davis, 44 Pa. Superior Ct. 138.

The only issues to be passed upon in a suit in equity are those raised by the pleadings: Zook v. Penna. R. R. Co., 206 Pa. 603; Thompson's Appeal, 126 Pa. 367; Penna. Sch. Valley R. R. Co. v. R. R. Co., 160 Pa. 277.

*Richard W. Williamson,* for appellee.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff's right to maintain its line of telegraph posts over the defendant's land is based on the contract of G. W. Jeffries dated November 24, 1891, set forth at length as an exhibit to the bill. This agreement is not an absolute and unconditional grant of the easement claimed. It is an option rather of a right of way to be exercised within six months from January 1,. 1892, by the payment of the additional consideration therein named and if the location therein mentioned be "adopted" within the time limited. The agreement contains the following additional provisions: "In event foregoing location is not adopted by Crescent Pipe Line Company on July 1, 1892, then this instrument is not binding on either party. Nor is the second payment to be made. This right of way to continue as long as used for the above purposes." It will thus be seen that the company was to do something before it acquired the right to enjoy the easement, that is, it was to adopt the location. This location had already been made by a survey and marking of the line along which the work was to be constructed. The provision that the right was to continue only as long as used for the purpose contemplated gives strong support to the conclusion of the court below that the adoption referred to in the contract was the actual occupancy of the land for the purposes intended. It is a reasonable construction of the second provision of the agreement that the right was to be exercised within the six months and was to continue no longer than when actually used by the company. The evidence does not show when the location surveyed was adopted except as may be inferred

from the fact that the amount ($6.90) to be paid in the event of the location being adopted within six months was paid on May 7, 1892, and the further fact that the company entered on the land and laid its pipe line in the latter part of the fall of 1892. It may well be doubted therefore whether the location was "adopted" within the six months provided in the contract. No resolution nor action of the company shows any other understanding or meaning of the word than that to be drawn from the whole agreement, and an ordinary meaning of the word "adopted" is to take over as one's own, to make one's own that which was not so formerly. The contract covered a right of way for two things—the pipe line and a telegraph line. The telegraph line was not built over the land of the defendant, who claims under George W. Jeffries, until 1908, just prior to the filing of the bill in this case. The failure of the plaintiff to construct its telegraph line for a period of sixteen years after the time when it claims it might have so done should be regarded as a forfeiture of its right under the contract. We think it quite clear that if after having exercised all the rights claimed under the contract it had removed its property from the premises it could not return after the lapse of sixteen years and assert its claim. It may be conceded that a right of way cannot be destroyed by mere nonuser, but the authorities supporting this proposition deal with unlimited grants. The grant we are now considering had its limitation—it was to be good only while used. When, therefore, the company purposely refrained from constructing its telegraph line through the farm for the long period above stated the inference is strong that the right was not considered to exist at the time when the company was to engage in its construction, or was abandoned. And this view of the case has confirmation in the uncontradicted testimony that more than six months after the alleged right of way was granted and at the very time when the pipe line was laid through the farm the plaintiff constructed its telegraph line along the road

where it continued to be until the new poles were set up which are the subject of this litigation.

If, however, the learned trial judge was in error in holding that the plaintiff's right to construct the telegraph line was lost by its failure to build it within six months from the date of its contract with Jeffries or was forfeited for nonuser there is another branch of the case which justifies the decree. Evidence is offered on behalf of the defendant to the effect that when the agent of the plaintiff presented the contract to George W. Jeffries for his signature he refused to sign it so far as it gave a right to the company to set up telegraph poles on his land; that he did not object to the laying of a pipe under the surface, but that he would not have the poles set through the fields. The plaintiff's agent then assured him that the telegraph line would not be constructed on the farm but along the highway; and the learned trial judge has found as a fact that this was the condition under which the contract was signed. The evidence supports this conclusion. Two witnesses were called who were present at the time the paper was signed by George W. Jeffries who state that he refused to sign on account of the provision about the telegraph line and that the company's agent said that they would then build the telegraph line along the road and not over the farm; that it was then understood that the telegraph line was not to be put through the farm. This evidence is uncontradicted, and when taken in connection with the fact admitted that while the pipe line was laid through the field the telegraph line was put along the road the conclusion seems inevitable that the plaintiff recognized the existence of the parol agreement entered into at the time the paper was signed and acted on it. It carries conviction to the mind that the plaintiff understood that it was not getting a right to set the telegraph poles through the farm. "Parol evidence is admissible to establish a contemporaneous oral agreement, which induced the execution of a written contract, though it may vary,

change or reform the instrument:" Thomas & Sons v. Loose, 114 Pa. 35; Phillips v. Meily, 106 Pa. 536; North v. Williams, 120 Pa. 109; Burt v. Burt, 221 Pa. 171. As there was no contradiction of the defendant's evidence on this subject and the conduct of the defendant was consistent with the allegation of the parol agreement and wholly inconsistent with the present claim, we regard the evidence as sufficient to establish the existence of the contemporaneous parol agreement set up. It would be a fraud on the defendant who succeeded to the title of George W. Jeffries if the plaintiff under the circumstances should insist on the enforcement of the contract as it is written after having obtained the signature of George W. Jeffries on the strength of the promise that the telegraph line would be constructed along the road and not across his farm. The appellant objects that this defense is not specifically set up in the answer. There is in the answer a denial of the right of the plaintiff to construct and maintain a telegraph line under the contract set forth in the bill. If the plaintiff desired more information as to the extent of the appellee's defense he should have called for more specific answers.

The decree is affirmed and it is further ordered that the plaintiff be allowed a period of four months from the filing of this decree within which to remove said line of poles from the defendant's land.