## Broida, to use, *v.* Travelers Insurance Company, Appellant.

Argued October 1, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Rufus S. Marriner,* of *Marriner & Wiley,* with him *William B. McFall,* of *Dalzell, Dalzell, McFall & Pringle,* for appellant.

*A. Kirk Wrenshall,* with him *Ben H. Richman* and *Bloom & Bloom,* for appellee.

OPINION BY MR. JUSTICE DREW, November 26, 1934:

This is an action of assumpsit to reform a policy of insurance, issued by the defendant company to the plaintiff, Samuel Broida, and to recover on it as reformed.

From judgment entered on the verdict, defendant appealed, assigning as error the refusal of its motions for binding instructions and for judgment n. o. v.

On or about April 16, 1931, plaintiff decided to remodel and enlarge a certain building in Burgettstown, Washington County, owned by him and occupied by The Great Atlantic & Pacific Tea Company as tenant. He applied to the defendant for a policy of public liability insurance to protect him and his tenant against claims for damages arising out of any accident that might happen on the work. A few days after the policy was issued an accident occurred to Harold Day, the use plaintiff, as a result of the negligence of an employee of the plaintiff. The defendant denied liability for the reason that plaintiff was doing the work himself, which was not in accordance with the policy, the terms of which provided that the work was to be done by an independent contractor. After Day had recovered a judgment against Broida for $6,500 and defendant had refused to pay it, this action was brought to recover that amount, with costs.

At the trial, plaintiff testified that he met the agent of the defendant, took him into the store room, showed him what he intended to do, and said, "I am going to do the work myself, I have bought the material already and the material is on the premises, and I have hired my men, and I want a policy—liability policy that will protect me from anyone getting injured on the premises, or anybody that works around here." He stated that the agent then said: "I know what you want; I know exactly what you want. You are covered; you can put your men to work." Two witnesses, called by plaintiff, testified that they heard this conversation, and corroborated his account of it. On the other hand, plaintiff's story was denied by defendant's agent, who said that no such statements were made to him, but that it had been stated that the work was to be done by an independent contractor.

It is a well known general rule that where parties have come to a mutual understanding as to the terms to be embodied in a proposed written contract or conveyance, and the writing executed is at variance with that understanding, it will be reformed to express their intention: Hamilton v. Asslin, 14 S. & R. 448; Gower v. Sterner, 2 Whart. 75; Baab v. Houser, 203 Pa. 470; Radnor B. & L. Assn. v. Scott, 277 Pa. 56; see Restatement, Contracts, section 504. The defendant contends, however, that the evidence does not show that the parties ever came to a mutual understanding that the work was to be done by plaintiff himself. With this we are wholly unable to agree. It is difficult to see how there could be clearer or stronger evidence of a mutual understanding between parties as to the terms of a proposed written contract. This being true, it logically follows that the failure of the policy to express that intention was due to an error of defendant, probably the result of inadvertence on the part of the scrivener of the policy. There is no doubt that the parties mutually agreed upon the terms of the contract. The difficulty originated with the failure of defendant to deliver the kind of policy that had been agreed upon. Plaintiff and defendant each thought the policy delivered was in accordance with the agreement, and both were mistaken in thinking so. If either had known it was not what had been agreed upon, it would not have been offered or accepted.

Nor can we agree with defendant's contention that the evidence is not clear, precise and indubitable. It may be conceded at once that it is necessary for this to be true before reformation can properly be granted: see Stine v. Sherk, 1 W. & S. 195; Sylvius v. Kosek, 117 Pa. 67; Graham v. Carnegie Steel Co., 217 Pa. 34; Burt v. Burt, 221 Pa. 171. Whether the evidence meets this standard is, in an action at law, a question for the trial judge, and his ruling is open to review here: Rowand v. Finney, 96 Pa. 192; Sylvius v. Kosek, supra; Ralston

v. P. R. T. Co. (No. 1), 267 Pa. 257. The phrase has a technical legal meaning. That meaning is that the witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue: see Highlands v. R. R., 209 Pa. 286; Burt v. Burt, supra; Ralston v. P. R. T. Co., supra. It is not necessary that the evidence be uncontradicted (Honesdale Glass Co. v. Storms, 125 Pa. 268; Highlands v. R. R., supra; Burt v. Burt, supra), provided it "carries conviction to the mind" (Burt v. Burt, supra), or "carries a clear conviction of its truth" (Honesdale Glass Co. v. Storms, supra; Highlands v. R. R., supra). The evidence in the instant case fully measures up to this standard. And not only was plaintiff's testimony corroborated by that of other witnesses, but it was corroborated also by the most trustworthy form of corroboration—the surrounding circumstances. Plaintiff actually did the work by himself and his employees, and at no time had an independent contractor. The policy delivered to him afforded him no protection at all, and he paid for something he did not get.

Defendant also contends that plaintiff is barred from reformation by his own negligence. This argument is based on the admitted fact that the policy was delivered to plaintiff some time before the accident, and that he made no examination of it but put it in his safe without looking at it. However, where the elements required for reformation are otherwise present, even negligent failure of plaintiff to discover the variance between the instrument as written and the mutual understanding of the parties is not fatal to his right to have it reformed: Haines v. Stare, 249 Pa. 494; see Restatement, Contracts, section 508.

Judgment affirmed.