## Pellegrini *v.* Radiant Society, Appellant.

Argued March 25, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Walter J. Laska,* with him *Louis Vaira,* for appellant.

*Anne X. Alpern,* for appellee.

PER CURIAM, April 20, 1943:

The plaintiff, an architect, sued for services rendered pursuant to a written contract entitling him to ". . . a fee of six (6) per cent of the cost of the work . . ." in the construction of a hall for defendant society. There was evidence to show performance; that the low bid was $77,659.00; that at defendant's request he revised the plans pursuant to which the hall could have been constructed for $57,557; that the defendant declined to go on.*

---

* Defendant offered in evidence ". . . the following excerpt from the regular meeting of the Radiant Society held on November 8, 1936:

The defense appears to have been that the "plaintiff stated to the defendant's officers and members of the building committee that the cost of the proposed structure would not exceed $50,000, according to his plans and specifications, when plaintiff knew such fact to be false, and the defendant believed and relied upon such representation and executed said contract."

Defendant failed to lay grounds by evidence clear, precise and indubitable (see *Broida v. Traveler's Ins. Co.*, 316 Pa. 444, 447, 175 A. 492) for the reformation of the contract and the case was submitted to the jury on the theory, then apparently acceptable to both sides, that plaintiff was entitled to a verdict for all or nothing. The jury was instructed to deduct an item "of $5,800.00 for bowling alleys" from the $77,659. The verdict was at the rate of 6% on $71,859 less $1,300 paid on account, and with interest. The court reduced the verdict by $500 with interest on the ground that there was evidence that the value of services which would have been rendered by the architect if the project had not been abandoned was about $500. Both actions were favorable to defendant.

In this court defendant's counsel stated that he could not object to a judgment based on an assumed cost of the work of $57,557. It now complains that a new trial was refused and that the jury was instructed that if a verdict for plaintiff was found, the base on which his fee should be calculated would be $71,859 instead of $57,557. The court doubtless made the distinction because defendant admitted ". . . that $77,659 was the reasonable estimated cost of the building, based upon the plans, drawings, specifications and details prepared for the defendant, . . ." There is no reversible error.

Judgment affirmed.

---

After a lengthy discussion, Mr. Leczynski moved that the building committee be dissolved and for the time being to forget about the building. Motion passes. Twenty-eight votes for and three against."