Gallagher, Appellant, *v.* Finnin.

Argued March 20, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

reargument refused July 3, 1963.

414

*John P. Yatsko,* for appellant.

*Richard S. Lowe,* with him *Fox, Differ, DiGiacomo & Lowe,* for appellees.

OPINION BY WOODSIDE, J., June 12, 1963:

This is an appeal from an order of the court below refusing to declare a deed fraudulent and void and to order a reconveyance to the plaintiff.

On February 20, 1955, Bernard Finnin secured the signature of Patrick F. Gallagher and his wife, who has since died, on a deed conveying a 16.3 by 50 foot parcel of land located next door to the Gallagher house. Bernard Finnin then built a dry cleaning establishment on this lot. On April 26, 1961, Bernard Finnin and his wife, Dorothy M. Finnin, conveyed these premises to Charles M. Davis. This conveyance was motivated by the indebtedness of the Finnins to Davis.

Patrick F. Gallagher initiated an action in equity in April of 1962, alleging that the above conveyance by him to the Finnins was fraudulently obtained and praying, among other things, for a reconveyance of these premises by Charles M. Davis.

The court below, after a hearing, entered an order granting a nonsuit as to defendant Davis and adjudged the defendants Finnins to be indebted to the plaintiff, Gallagher, in the amount of $500, the unpaid consideration recited in the deed of 1955. The plaintiff then moved to have the nonsuit removed, and it is from the order of the Court of Common Pleas of Montgomery County refusing to remove the nonsuit that he appeals to this Court.

The defendant Davis contended in the court below and in argument before our Court that he is an innocent bona fide purchaser for value and is therefore protected by the recording acts. The court below did not pass on this contention as its order granting the nonsuit was based on the insufficiency of the evidence to establish fraud.

In *Easton v. Washington County Insurance Company*, 391 Pa. 28, 37, 137 A. 2d 332 (1957), our Supreme Court stated: "In order to obtain the reformation of a contract in equity, . . . the moving party is required to show by clear, precise and indubitable evidence either fraud or mutual mistake. Brandolini v. Grand Lodge of Pennsylvania, 358 Pa. 303, 305, 56 A. 2d 662 (1948) ; Broida v. Travelers Insurance Co., 316 Pa. 444, 447, 175 Atl. 492 (1934) ; Gianni v. Russel & Co., 281 Pa. 320, 325, 126 Atl. 791 (1924)."

We agree with the court below that the plaintiff in this case did not produce sufficient evidence of fraud to warrant the reformation or cancellation of the deed executed by the plaintiff and his wife.

The plaintiff testified on behalf of himself, called the two persons who had witnessed the deed and called the defendant Bernard Finnin as on cross-examination. The defendants introduced no evidence. The evidence establishes the following factual situation.

For three or four years prior to 1955, Bernard Finnin, one of the defendants, had been negotiating with his cousin Patrick F. Gallagher, the plaintiff, for the sale of the lot here in dispute. Finnin wished to build a tailor shop on the lot. In February 1955, Gallagher and Finnin went to a lawyer to arrange for the transfer of an interest in a part of the lot. Gallagher suggested that he would give Finnin a 100 year lease for a depth of 35 feet. The lawyer recommended against the lease and Gallagher "agreed to sell 35 feet in depth." Later the same month, Finnin brought a deed

to Gallagher describing the lot with a depth of 50 feet. Finnin did not tell Gallagher it was a deed but did not make any representation that it was not a deed. Gallagher, who could read, signed the deed without reading it. He testified that when Finnin brought the deed to him to be signed, Finnin *"said he couldn't build unless he had 15 feet more."* Finnin called by Gallagher on cross-examination testified that he agreed with Gallagher not to build the shop beyond 35 feet from the front of the lot, but not wishing the building to be on the line, and desiring a small tract to its rear, obtained Gallagher's consent to convey the additional 15 feet; Gallagher, however, denied that he had ever agreed to convey a depth of more than 35 feet. Gallagher and Finnin testified that the acknowledgment appearing on the deed was signed and sealed by the justice of the peace without either Mr. or Mrs. Gallagher being present.

The evidence is insufficient to establish fraud under the principles of law previously set forth. The plaintiff's testimony concerning the alleged fraud is weak. The plaintiff can read but did not bother to read the instrument he signed or inquire as to what it was. He does not claim that Finnin misrepresented this instrument as being other than a deed. He testified that he was willing to sell 35 feet and that when Finnin presented the deed to him for signature Finnin said he "couldn't build unless he had 15 feet more."

The action of the parties subsequent to the signing of the deed further weakens the plaintiff's case. Finnin did not get friends of his to witness the deed. The plaintiff's sister who lived with the plaintiff was one of the witnesses. Furthermore, the plaintiff stood by and watched Finnin construct a dry cleaning plant or tailor shop next door to his home. It was not until five years after this deed was signed that the plaintiff claims he knew of its existence, and even after obtain-

ing this knowledge the plaintiff did not institute this action for an additional period of two years.

The plaintiff places great weight on the evidence that the acknowledgment was procured without the presence of the Gallaghers. He claims that this action "alone constitutes a fraud sufficient to render the transaction a nullity." The plaintiff here has never denied that he signed this deed. If we were to adopt the rule advanced by the plaintiff, many deeds, valid on their face, would be open to attack as fraudulent.

As we have decided this matter on the insufficiency of the evidence to establish fraud, it is not necessary to determine whether Charles M. Davis was a bona fide purchaser for value and entitled to protection under the recording statutes.

Decision affirmed.