**Francis E. MANNKE, Plaintiff,**

v.

**BENJAMIN MOORE & COMPANY,
Defendant.**

**Civ. A. No. 63–1114.**

United States District Court
W. D. Pennsylvania.

March 29, 1966.

Negligence action wherein issue of validity of plaintiff's release was tried separately, and judgment entered for defendant on finding that release was valid. Plaintiff moved for new trial. The District Court, Weber, J., held, inter alia, that there was no failure of consideration for release which releasor signed and sent to releasee, whereupon releasee sent check for amount stated in release, although releasor did not cash check.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

David B. Fawcett, Jr., Dickie, Mc-Camey & Chilcote, Pittsburgh, Pa., for defendant.

WEBER, District Judge.

Plaintiff was struck in his automobile on September 20, 1963. Damage to the automobile was $68.58. On Monday, September 23, 1963, an insurance adjuster called his home for an appointment, and plaintiff returned the call a few days later, made an appointment and saw the adjuster in his office on September 30, 1963. The adjuster offered to settle the property damage claim for $68.58, but plaintiff stated that his back was bothering him and he wanted to wait. The adjuster offered to pay an additional $25.00 for a personal injury claim to allow plaintiff to consult a physician if he desired. The plaintiff continued to work and did not consult a physician. There were later calls from the adjuster and on or about October 12, 1963, the adjuster mailed plaintiff a release form with a consideration of $93.58. On October 28, 1963, the release was returned in the mail to the adjuster signed by plaintiff and witnessed by his wife. A check was issued and mailed to plaintiff in November 1963, which was never cashed and which was returned to the company after suit was initiated. Defendant pleaded the release as a defense.

The issue of the release was tried separately and submitted to the jury for a special finding. They found the release valid and the court ordered judg-

ment entered for defendant. Plaintiff has moved for a new trial.

Plaintiff and his wife admitted their signatures on the release to be genuine. Plaintiff testified that he has no independent recollection of signing the release because his memory was impaired after the accident. Plaintiff's wife testified that she remembers receiving the release in the mail, laying it on their desk with other papers. She does not remember signing the release but testified that her husband took care of business affairs and she would witness his signature to any paper on his request because she considered him fully capable of handling business affairs. On the other hand she testified that after the accident her husband was confused and forgetful.

Plaintiff alleges that the release is an executory contract without the cashing of the check, and is thus revocable at the pleasure of either party. The Court refused so to charge. The check for the amount stated in the release was delivered to plaintiff. There was no failure of consideration. We do not find the refusal to cash the check tendered as converting this into an accord without satisfaction. The check was for the amount agreed upon in the release. The release was under seal, consideration is imputed. American Equitable Assur. Co. of New York v. Mussoline, 201 Pa.Super. 271, at p. 277, 191 A.2d 862 (1963). Nash v. Atlantic White Tower S., Inc., 404 Pa. 83, 170 A.2d 341 (1961), is not in point because there the jury, by a special interrogatory, found that the defendant had acquiesced by its conduct in the rescinding of the release before the stated consideration was tendered.

Plaintiff also asserts mutual mistake of fact to set aside the release. It is claimed that both plaintiff and defendant were mistaken as to the seriousness and extent of plaintiff's injuries, which plaintiff now claims to be more grave than he then believed. We feel that this is also a matter of intent. Did the parties intend that the release would cover any and all injuries received, or did they intend that it cover those known to the parties at the time? The release was not signed until over a month after the accident. Plaintiff testified that he had vague complaints at the time and that he would await their development before executing a release. He continued to work, he did not consult a physician. He was aware of his injury. The time lapse was sufficient to allow him to discover the extent of his injury. Thus both parties were aware of his injury, but plaintiff did not take any further steps to determine the extent:

"* * * Underestimating damages or making a settlement before the damages are accurately ascertained is not considered such a mutual mistake of fact as to relieve from a release of damages or a settlement made by the parties." Bollinger v. Randall, 184 Pa.Super. 644, at p. 650, 135 A.2d 802, at p. 805 (1957).

See also Currier v. Bilger, 149 Pa. 109, 24 A. 168 (1892); Seeley v. Citizens' Traction Co., 179 Pa. 334, 36 A. 229 (1896).

Plaintiff claimed that he was incompetent at the time of signing the release. He testified that he has no present recollection of signing it, he has no recollection of an intent to sign, and he was surprised at the receipt of the check. He stated that after the accident he had lapses of memory. He couldn't remember what was stated to the adjuster, and he had memory lapses about other matters. However, he continued to work and did not consult a physician. He did testify that he was familiar with the nature and effect of a release. Upon cross-examination he remembered receipt of the check in late October or early November. He also testified that he first consulted his present attorney at about the same time, and told him that he had signed the release.

He produced in support of his contention of incompetence a medical witness who first saw plaintiff for an examination fourteen months later. The doctor testified that because of an injury to the neck it was possible that plaintiff could

have been confused or incompetent when he signed the release although he had made no such finding on his first examination and had conducted a second examination shortly before trial for the specific purpose of establishing a basis for this testimony. At best the doctor's testimony was weak and uncertain. The treating physician was not called, nor were any independent witnesses called on plaintiff's condition.

While ordinarily an action to set aside a release is brought under the equitable jurisdiction of the court, here the release was pleaded as a defense in a negligence suit, and plaintiff was entitled to a jury trial on all issues. Jacob v. City of New York, 315 U.S. 752, 62 S. Ct. 854, 86 L.Ed. 1166 (1941); Callen v. Pennsylvania R. R., 332 U.S. 625, 68 S. Ct. 296, 92 L.Ed. 242 (1948). It is within the discretion of the trial judge to grant a separate trial on this issue under F.R.Civ.P., Rule 42(b). Bowie v. Sorrell, 209 F.2d 49, 43 A.L.R.2d 781 (4th Cir., 1953). This court divided the issues and required production of evidence on the release first, upon which a special interrogatory was then submitted to the jury.

The jury was instructed that the intention of the parties at the time the release was signed governs, and that it was incumbent upon the plaintiff to carry the burden of proof that his mental condition was such that he was unable to form an intention. To permit a jury to avoid a release, the evidence must be clear, precise and indubitable. Broida, to Use of Day v. Travelers' Ins. Co., 316 Pa. 444, 175 A. 492 (1934); Scanlon v. Pittsburgh Railways, 319 Pa. 477, 181 A. 565 (1935). While the Pennsylvania law requires that the Trial Judge must make a determination of whether the evidence meets this standard before submitting the question to the jury, see Broida, to Use of Day v. Travelers, cit. supra, 316 Pa. at p. 447, 175 A. 492, in view of the Federal Rule that a plaintiff is entitled to a jury trial on the issue of validity of the release, the issue was submitted to the jury under instructions that they must

find the evidence clear, precise and indubitable, to avoid the release.

It appears that the clear, precise and indubitable rule to be determined by the Judge is limited to the plaintiff's evidence. Where defendant's contradicting evidence is to be considered, the matter must be submitted to the jury. Lucas v. Gibson, 341 Pa. 427, 19 A.2d 395 (1941).

Plaintiff complains of the denial of many of its points for charge and of the charge under which this issue was submitted. We can find no basis in the evidence for any charge dealing with representations made by the defendant to secure this release upon which plaintiff relied. There was no evidence that the payment of $25.00 for personal injuries in order to cover the expense of a physician's examination made the release contingent upon the results of that examination. We do not find the principle of Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) applicable.

Nor do we think the Court exceeded its authority in quoting from the appellate courts in Pennsylvania on the policy of the law with respect to release as stated in Bollinger v. Randall, 184 Pa. Super. 644, at pp. 650, 651, 135 A.2d 802 (1957).

"It is not error for a trial judge to incorporate in his instructions to the jury statements taken from a reported decision." Curnow v. West View Park Co., 337 F.2d 241, at p. 242 (3rd Cir. 1964).

See also Kmiotek v. Anast et al., 350 Pa. 593, 39 A.2d 923 (1944).

While the statement read embodied the public policy of the law, we do not take it amiss that jurors should know of the reason behind the rule.

Basically the issue in the trial of this case was one of credibility. The plaintiff's evidence with regard to the release was weak, uncertain and tenuous. Had the Court felt that it was within its power under the Federal practice to withdraw the issue of the release from the

jury under the Pennsylvania rule it would have done so because the evidence did not meet the legal standard of clear, precise and indubitable. Being required to submit it to the jury, they were instructed to measure the evidence by this standard.

The motion for new trial will be denied.