Lowry *v.* Commonwealth.

Argued June 1, 1971, before President Judge Bow-
MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MANDERINO, MENCER and ROGERS.

*Pasco L. Schiavo,* for appellant.

*Edward D. Werblun,* Assistant Attorney General,
with him *Robert W. Cunliffe,* Deputy Attorney General
and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, August 10, 1971:

In this eminent domain case the plaintiff, Lynn W.
Lowry, a landowner, appeals from a court's entry of
judgment for the Commonwealth, the condemnor, not-
withstanding a jury verdict for plaintiff.

Esdras H. Lowry[1] and Lynn W. Lowry, his wife,
owned as tenants by the entirety a house and lot in
Sugarloaf Township, Luzerne County, abutting a town-

---

[1] Esdras H. Lowry died during the course of these proceedings
which were commenced in 1965.

ship road which at plaintiffs' property ran parallel to and very near a state highway, Legislative Route 184. Prior to November 1964, the state, acting by its Department of Highways (now Department of Transportation), proposed widening and relocating Route 184 and in so doing to take a portion of plaintiffs' property because the township road upon which it abutted was to be eliminated by the widening of Route 184. The plaintiffs negotiated with and prevailed upon the Department of Highways to relocate the access road and to place it at the rear of their property, thus avoiding the necessity of taking any of plaintiffs' property. In return, the plaintiffs executed a release dated November 11, 1964 and reading in part as follows: "We . . . owners of property affected by the improvement of a section of road . . . designated . . . Route No. 184 . . . for and in consideration of the benefits resulting from the improvement of the said road, do hereby remise, release, quitclaim and forever discharge the Commonwealth . . . for or on account of any taking, injury, or destruction of property, through or by reason of any improvement of the said road. . . ."

The work done on Route 184 included its elevation by about five feet where it passed plaintiffs' lot. The township road which, as mentioned, abutted their property in front and provided access to Route 184 was covered with fill.

After the work was finished the plaintiffs petitioned for the appointment of viewers, who awarded them damages although the Commonwealth interposed the release as a defense. On appeal to court, counsel stipulated that there should be "a severance of the issues involved . . . and that the issue first to be decided when the matter comes to trial is the validity and legal effect" of the release. The plaintiffs' sole contention was that the release was executed under the alleged mutual mistakes of fact that neither the plaintiffs nor the

Commonwealth knew when the release was executed, that the work entailed a change of grade, or that the township road would be eliminated.[2] The trial judge submitted to the jury for its determination specially the question, "When the release was signed, did the Department of Highways know that the grade would be changed?" The jury answered in the negative and the trial judge directed a verdict in favor of the instant appellant, Mrs. Lowry. After argument, the court granted the Commonwealth's motion for judgment n.o.v. which was duly entered.

The lower court's disposition of the matter was based upon its conclusion that plaintiffs' proofs fell short of establishing that the Commonwealth was unaware of the grade changes when the release was taken. Our careful review of the evidence compels the same conclusion. The husband-plaintiff had died before the trial. Mrs. Lowry testified that when she executed the release she did not know that the grade would be changed or the township road vacated; that a service road at the front of her property had been planned but at her and her husband's request had been placed at the rear of their lot; and that her deceased husband, not she, had carried on the negotiations with the Highway Department. A Eugene J. Barrett, a Department of

---

[2] The words vacated, closed, abandoned and obliterated were also used by the parties with reference to what happened to this road. Since the plaintiffs admittedly knew they were to lose access from the front of their property unless a new access road was constructed as proposed by the Department of Highways, and since the release was given in consideration of providing substitute access at the rear, the future status of this road could not have been an essential fact in the negotiations between the parties. Not being an essential inducing fact it would not void a release even if proved to have been the subject of a mutual mistake. *Vrabel v. Scholler*, 369 Pa. 235, 85 A. 2d 858 (1952). Indeed the trial judge did not submit any question on this subject to the jury and this has not been assigned as error in this appeal.

Highways real estate specialist, called by the condemnee, could not recall negotiating with the Lowrys but said that on the project in question his duties were the settlement of moving costs not land damage claims. He examined a map produced by counsel for the condemnee, said that it looked like a Department of Highways right-of-way plan and that it did not indicate a change of grade abutting the Lowry property. He further stated, however, that right-of-way plans show grade changes only at the center line of highways, and that in order to determine changes of grade with respect to abutting properties it is necessary to consult construction plans or cross sections. Although the plan exhibited to Mr. Barrett was not otherwise identified, bears no date, and so far as this record reveals, was not before the parties when the release was signed it was, over objection, admitted into evidence. The appellant's only other witness, her son-in-law, could provide no evidence relevant to the case. In summary, the landowner's case consisted of Mrs. Lowry's assertion that she was unaware that Route 184 was to be elevated and the offer of a plan unidentified as to source, date or connection with this proceeding and inappropriate for the purpose offered. The trial judge very properly concluded that there was insufficient evidence to support the claim that the release was executed by the parties under a mistake of fact.

One seeking to set aside a written instrument, including a release, on the ground of mutual mistake of fact must show such by clear, precise and convincing evidence. All of the rules here applicable are concisely set out by Justice COHEN in *Easton v. Washington County Insurance Company*, 391 Pa. 28, 37, 137 A. 2d 332, 337 (1957) : "In order to obtain the reformation of a contract in equity, or a variance of the terms of a contract at law, the moving party is required to show by clear, precise and indubitable evidence either fraud

or mutual mistake. Brandolini v. Grand Lodge of Pennsylvania, 358 Pa. 303, 305, 56 A. 2d 662 (1948); Broida v. Travelers Insurance Company, 316 Pa. 444, 447, 175 A. 492 (1934); Gianni v. Russell & Company, 281 Pa. 320, 325, 126 A. 791 (1924). The meaning of this requirement is that [plaintiffs'] 'witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.' Broida v. Travelers Insurance Company, supra, 316 Pa. at 448. Furthermore, the evidence must be established by two witnesses or by one witness and corroborating circumstances. Brandolini v. Grand Lodge of Pennsylvania, supra, 358 Pa. at 305; Broida v. Travelers Insurance Company, supra, 316 Pa. at 448. Whether the plaintiffs' evidence met this standard and so justified the submission of their case to the jury is again a question of law for the court. Gerfin v. Colonial Smelting and Refining Company, Inc., 374 Pa. 66, 68, 97 A. 2d 71 (1953); Brandolini v. Grand Lodge of Pennsylvania, supra, 358 Pa. at 305; Broida v. Travelers Insurance Company, supra, 316 Pa. at 447."

While in that case reformation of an insurance policy was sought, the same principles apply where a release is sought to be set aside. *Evans v. Marks,* 421 Pa. 146, 218 A. 2d 802 (1966). Furthermore, the essence of appellant's complaint is that the injuries suffered were greater than the parties had contemplated when the release was executed. The law holds that "underestimating damages or making a settlement before the damages are accurately ascertained is not considered such a mutual mistake of fact as to relieve from a release of damages or a settlement made by the parties." *Bollinger v. Randall,* 184 Pa. Super. 644, 650, 135 A. 2d 802, 805 (1957).

The appellant's evidence fell far short of the standard of proof required to warrant submission of her claim to the jury and the learned jury trial judge properly granted appellee's motion for judgment n.o.v.

In the interest of completeness we will mention briefly two arguments strongly advanced by appellant. Counsel for appellant points to the fact that the release refers only to Route 184 as a cause of injuries to the property and that in fact the construction of Legislative Route 1005 was also a cause of injury. An examination of exhibits seems to show that a ramp of Legislative Route 1005 converges with Legislative Route 184 at about the appellant's property. However, at this place the ramp is at about the former location of Route 184. Without objection on the part of appellant, the trial judge told the jurors at the outset that the only issue before them was whether the release was executed under mutual mistakes as to grade change and the vacating of the township road. The plaintiffs' petition for appointment of a jury of view, filed after the work was completed, makes no claim for injuries suffered by the improvement of Route 1005. A careful review of the record convinces us that this defense to the release was an afterthought not raised below. In any event, the release herein would include this work. *McClelland Appeal*, 430 Pa. 284, 242 A. 2d 438 (1968).

Appellant complains that the trial judge refers in his opinion to another suit involving an adjacent property in which highway plans antedating the release and showing the change of grade of Route 184 were produced. The trial judge adverted to this subject only after he had concluded that the appellant had not sufficiently proved a mutual mistake of fact. His perfectly proper purpose in doing so was to demonstrate that even if counsel for appellant had probed further into the records of the Highway Department in preparation of this case, he would have discovered that the Depart-

ment was under no misapprehension of fact when the release was delivered.

Judgment affirmed.