Burt, Appellant, *v.* Burt.

*Insurance—Life insurance—Policy—Application—Beneficiaries.*

Where a policy of endowment life insurance is made payable to the insured his executors, administrators or assigns, but in the application under the head of beneficiary it was written "Self if living, if not equally divided among my two nephews and two nieces" naming them, and the insured keeps the policy for twelve years without change and then dies, the proceeds of the policy will be paid to the executor.

While an application for insurance is made a part of the policy and is to be read with it, its purpose as a part of the policy is to hold the insured to the warranty of the truthfulness of his answers as to his age, state of health, habits, etc., and to prevent any dispute as to the representations on the faith of which the policy had been issued. It confers no right on the beneficiaries named in it.

MESTREZAT, J., dissents.

Argued March 13, 1907. Appeal, No. 75, Jan. T., 1907, by plaintiff, from judgment of C. P. Monroe Co., Sept. T., 1906, No. 8, on verdict for defendants in case of Ida Burt, Executrix of the last will and testament of William H. Burt, deceased, v. Margaret Burt, John Burt, Jr., A. R. Brittain, Guardian of William H. Burt, Jr., and Flora Burt, now intermarried with John Van Campen. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Feigned issue to determine ownership of money paid into court. Before STAPLES, P. J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows :

[The plaintiff's points in this case are denied, the court being of the opinion, after a cursory glance at the law and consideration of the evidence, that that policy must be read together, and the application is a part of the same, and there being no evidence to show that there was any request made on the part of the insured to change the declarations made in his application, the court is of the opinion that taking the policy as a whole, that the beneficiaries as named in the application are beneficiaries as named under the policy and entitled to receive the money. Being minor children at the time and there being the relationship of brothers and partners between the insured and the father of the children, we think it an insurable interest, and it is not a wagering transaction, and, therefore, upon the issue joined between the plaintiff and the defendants, the court instructs you, gentlemen of the jury, that you should render a verdict in favor of the defendants, Margaret Burt, John Burt, Jr., A. R. Brittain, guardian of William H. Burt, Jr., Flora Burt, now intermarried with John Van Campen, to the effect that the money paid into court belongs to them, and that they

are entitled to receive the same instead of the above-named plaintiff.]

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* amongst others was portion of charge as above, quoting it.

*Henry J. Kotz*, for appellant.—The designation of beneficiaries in the policy supersedes and controls the different one in the application: Hunter v. Scott, 108 N. Car. 213 (12 S. E. Repr. 1027).

*Wilton A. Erdman*, with him *A. Raiguel Brittain*, for appellees.—There is only one way in which the court could possibly harmonize the provisions of the application and the policy, and that is by holding that the word "assigns" used in the policy embraces the beneficiaries named by the insured in his application, upon the theory that the designation of these beneficiaries was an assignment of the policy at its creation : Entwistle v. Ins. Co., 202 Pa. 141 ; Penna. R. R. Co., v. Wolfe, 203 Pa. 269 ; Barner v. Lyter, 31 Pa. Superior Ct. 435.

OPINION BY MR. JUSTICE FELL, May 13, 1907 :

This was a feigned issue to determine the right to money paid into court by the Mutual Life Insurance Company of New York. The insurance company on November 1, 1893, issued to William H. Burt a "twenty year distribution policy" payable to him, his executors, administrators or assigns. The application for the policy was dated January 17, 1894, but on it there was a memorandum "Date back to November 1, 1893." The policy was issued after the date of the application and was dated back to give the insured the advantage of a lower premium. In the application under the head of "beneficiary" was written "Self if living, if not equally divide among my 2 nephews, 2 nieces, Flora Burt, John Burt, Jr., Maggie Burt, Wm. Burt, Jr., children of John T. Burt." These words and names were written by the agent who solicited the insurance, forwarded the application, received the policy from the company and delivered it to the insured. The policy and a copy of the application were in the possession of the insured from

January, 1894, until his death in December, 1905. The claimants for the fund were the executrix of Wm. H. Burt, who was the plaintiff, and his nephews and nieces, who were the defendants in the interpleader. A verdict was directed for the latter.

It appeared from the testimony that this was the second policy issued on the application. The first was not accepted by Mr. Burt for the reason that it was not the kind of policy he wished, but the specific ground of his objection was not shown. It was sent back to the insurance company and the second policy was written to take its place. It also appeared that after the policy had been delivered, Mr. Burt said he was pleased that he had made the insurance as it was, but the reference to the beneficiaries was too indefinite to make the testimony of any value. An inquiry as to his reason for rejecting the first policy or as to his meaning in expressing himself as pleased with the manner in which the insurance had been made would end in conjecture only. The rights of the parties must be determined, as they were determined by the learned trial judge, from the writings in evidence.

The application was made a part of the policy and is to be read with it. But its purpose as a part of the policy was to hold the insured to the warranty of the truthfulness of his answers as to his age, state of health, habits, etc., and to prevent any dispute as to the representations on faith of which the policy had been issued. It conferred no right on the beneficiaries named. The insured might before the policy had been issued and the contract of insurance completed have changed them. There was simply an expression of intention by the insured as to the manner in which a contract not then in existence was to be drawn. This intention he was at liberty to change. The only possible suppositions are that he did change his intention and so notified the insurance company before the policy was issued, or that a mistake was made in writing the policy. If the latter is correct, the presumption is that the insured, who had the policy in his possession twelve years, knew its contents and accepted it as written. In that case it expressed his last intention as to beneficiaries and that expression superseded the former one. In Hunter v. Scott, 108 N. Cal. 213, there was a variance as in this case in naming the beneficiaries in the application and in the policy. Those

named in the application were the wife and children of the applicant and those named in the policy the wife and her personal representatives and assigns.    It was held that the latter designation prevailed.

The judgment is reversed, and it is directed that judgment be entered on the reserved question for the plaintiff non obstante veredicto.

MESTREZAT, J., dissents.