# Burt, Appellant, *v.* Burt.

*Evidence—Parol evidence—Written instrument—Measure of proof.*

Parol evidence to vary a written instrument must be so clear, precise and indubitable as to carry conviction to the jury that the witnesses are credible, the facts distinctly remembered and accurately stated, and to the court that, if the facts alleged are true, the matters in issue are definitely and distinctly established.

On an issue between an executrix and nephews and nieces of the testator to determine the ownership of the proceeds of a life insurance policy on the life of the testator, a verdict and judgment in favor of the nephews and nieces will be sustained, where the evidence shows that the agent who procured the policy filled up the blanks in the application by the direction and at the dictation of the insured, making the nephews and nieces beneficiaries; that he forwarded the application to the company and received the policy; that without reading it he handed it to the insured, who without reading it, and without knowing that the policy was made out in favor of his estate, placed it in his safe; that subsequently on several occasions the insured had told the agent that he was

pleased that he had made the policy payable to his nephews and nieces; that he had repeatedly told other disinterested witnesses that his nephews and nieces were the beneficiaries, such statements covering the time to within a few months of his death; and that the widow had in the presence of other witnesses reproached the insured for making the policy payable to his nephews and nieces.

Argued March 10, 1908. Appeal, No. 28, Jan. T., 1908, by plaintiff, from judgment of C. P. Monroe Co., Sept. T., 1906, No. 8, on verdict for defendant in case of Ida Burt, Executrix of the last Will and Testament of William H. Burt, deceased, v. Margaret Burt et al. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Interpleader to determine the ownership of the proceeds of a policy of life insurance. See 218 Pa. 198. Before STAPLES, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*Henry J. Kotz,* for appellant, cited: Boyertown Nat. Bank v. Hartman, 147 Pa. 558; Williamson v. Carpenter, 205 Pa. 164.

*Wilton A. Erdman,* with him *A. Raiguel Brittain,* for appellee, cited: White v. Black, 14 Pa. Superior Ct. 459; Snyder v. Phillips, 25 Pa. Superior Ct. 648; Sulkin v. Gilbert, 218 Pa. 255; Wetherill Bros. v. Erwin & Wagener Co., 12 Pa. Superior Ct. 259; Philadelphia v. Stewart, 201 Pa. 526; McCann v. McCrea, 18 Pa. Superior Ct. 456.

OPINION BY MR. JUSTICE FELL, May 4, 1908:

The issue in this case was framed to determine the right to money paid into court by a life insurance company. In the application for the policy the nephews and nieces of the insured were named as the beneficiaries in the event of the death of the insured before the expiration of the endowment period. The policy was issued payable to the insured, his executors, ad-

ministrators or assigns. On a former appeal it was held that in the absence of satisfactory evidence of mistake in writing the policy the rights of the parties were to be determined from the writings in evidence, and that the designation of beneficiaries in the policy prevailed over that in the application : see Burt v. Burt, 218 Pa. 198. The order directing judgment to be entered for the plaintiff on the reserved question was subsequently rescinded on application of the defendants and a new venire was awarded to give them an opportunity to prove that there had been a mistake in writing the policy of which the insured was at no time aware.

At the second trial the defendants assumed the burden of proving that the insured intended that his nieces and nephews should be named as the beneficiaries and that he was under the belief that their names appeared in the policy. The only question raised by this appeal relates to the sufficiency of the proof offered. It was shown by the agent who procured the policy that he filled up the blanks in the application by the direction and at the dictation of the insured; that he forwarded the application to the company and received the policy; that without reading it he handed it to the insured, who without reading it placed it in his safe ; and that subsequently on several occasions the insured had told him that he was pleased that he had made the policy payable to his nieces and nephews. Four other witnesses wholly disinterested testified that the insured had repeatedly told them that his nieces and nephews were the beneficiaries in the policy. These statements by him covered nearly the whole time he had the policy and extended to within a few months of his death. Other witnesses testified that his widow, the plaintiff in this case, had in their presence on different occasions reproached the insured for making the policy payable to his nieces and nephews.

There was evidence of statements made by the insured in regard to the policy that were in conflict with those testified to by the defendant's witnesses. But it was not necessary to the defendant's case that the testimony to show a mistake in writing the policy should be uncontradicted or that it should establish the fact with absolute certainty. The standard of such proof is that it should be clear, precise and indubitable

in the sense that it carries conviction to the mind: Ott v. Oyer's Executrix, 106 Pa. 6 ; Boyertown Nat. Bank v. Hartman, 147 Pa. 558. The rule is clearly stated in the opinion in Cullmans v. Lindsay, 114 Pa. 166 : " Parol evidence to vary a written instrument must be so clear, precise and indubitable as to carry conviction to the jury that the witnesses are credible, the facts distinctly remembered and accurately stated, and to the court that, if the facts alleged are true, the matters in issue are definitely and distinctly established."

The case was very carefully submitted with proper instructions and we find no error in the record.

The judgment is affirmed.