## SOVEREIGN CAMP, W. O. W., v. NASH et al.

### No. 8556.

Court of Civil Appeals of Texas. San Antonio.
Feb. 25, 1931.

Rehearing Denied March 18, 1931.

Henry, Bickett & Bickett, of San Antonio, for appellant.

Horace E. Wilson, of San Antonio, for appellees.

FLY, C. J.

This is a suit on a certificate of insurance obtained by William T. Nash, in appellant's

fraternal benefit society, on December 10, 1918, in the sum of $1,000, instituted by Bessie Nash and Eva La Rue, joined by her husband, Clarence La Rue, against appellant. It was alleged that appellees were daughters of William T. Nash, who departed this life on February 23, 1919; that the beneficiaries in the certificate should have been Marion Nash, wife of said William T. Nash, and his daughters by a former marriage, Bessie and Eva, but through the negligence of appellant only the name "Marion E. B. Nash" was inserted in the certificate, and after death of their father the whole of $1,000 was paid by appellant to Marion Nash, the stepmother of appellees. They sought a recovery of two-thirds of the $1,000. The court sustained exceptions to the action of Eva La Rue, on the ground that it was barred by limitation, and rendered judgment in favor of Bessie Nash for $333.33, with 6 per cent. interest thereon from February 23, 1919, to date of Judgment, July 7, 1930; the aggregate sum of the judgment being $559.85. This appeal is prosecuted by appellant, Mrs. La Rue offering no complaint as to the judgment against her.

The facts are that William T. Nash was a member of the fraternal benefit organization and filed an application for insurance in which he set forth the beneficiaries as follows: "Marion, Eva, Bessie Nash, Age—36, 13, 11 years. Relation to Applicant, Wife & Daughters." That application was approved and issuance of certificate recommended by the duly authorized "deputy" of appellant, who in common parlance would be called an agent of appellant. He was fully acquainted, as indicated by the language of his approval, with all the terms of the application. However, instead of naming Marion, Eva, and Bessie Nash as the beneficiaries, Marion E. B. Nash was named as the beneficiary, and the policy was delivered to William T. Nash, who died in less than three months thereafter.

The statute in terms makes the application, among other matters, part of the policy. Rev. Stats. art. 4834. The evidence showed negligence in preparing the policy, and we do not think appellant can escape liability to Bessie Nash on the ground that the insured was negligent in not discovering the mistake. He had done all that was incumbent on him as to the beneficiaries and had under the law, so far as he could, written the designation into the policy. His designation was a part of the policy and no duty rested on him to read the policy in order to discover the mistake of appellant. He had exercised his statutory right of selecting the beneficiaries of the insurance on his life, and that selection could not be changed by the insurer.

Appellant relies upon the Pennsylvania case of Burt v. Burt, 218 Pa. 198, 67 A. 210, 11 Ann. Cas. 708, to shift its negligence upon the insured; but whatever force that decision may have had was totally destroyed by a different opinion in the same case, in the same court, by the same judge. In the last opinion the insurer was held liable, under similar facts, to beneficiaries named in the application. Burt v. Burt, 221 Pa. 171, 70 A. 710.

The judgment will be affirmed.

SMITH, J., entered his disqualification, not sitting.