# Williamson v. Metropolitan Life Insurance Company et al.

*Joseph Knox Fornance,* for plaintiff.

*Robert Trucksess, Alfred L. Taxis, Jr.,* and *William P. Manning, Jr.,* for defendants.

KNIGHT, P. J., July 2, 1953.—The pleadings consist of the following:

Complaint in assumpsit, Inez Rebecca Crockett, a minor, by Ambler Trust Co., her guardian, v. Metropolitan Life Insurance Company, November term, 1952, no. 154.

Complaint in equity, Laura Williamson v. Metropolitan Life Insurance Co. et al.

Petition of the Metropolitan Life Insurance Company for consolidation of the two above-mentioned cases and for leave to pay money into court.

Answer of Ambler Trust Company, guardian, et al., and counterclaim.

Answer of Laura Williamson to counterclaim.

Stipulation of counsel filed as to issues to be decided by chancellor and court.

*Questions Involved as per Stipulation Filed.*

Under the pleadings and evidence adduced, which of the three following claimants is entitled to the proceeds

of group policy no. 15400 G of Metropolitan Life Insurance Company, insuring the life of Harry Howard Crockett, deceased:

(a) Laura Williamson;

(b) Ambler Trust Co., guardian of Inez Rebecca Crockett;

(c) Inez Marie Crockett, admx. c. t. a. of the estate of Harry Howard Crockett.

*Findings of Fact*

I

Harry Howard Crockett died on May 7, 1952. He left a will which was admitted to probate by the Register of Wills of Montgomery County and letters of administration c. t. a. granted to his widow, Inez Marie Crockett on May 17, 1952.

II

Inez Rebecca Crockett is a daughter of Harry Howard Crockett. She is a minor and the Ambler Trust Company is the guardian of her estate.

III

Laura Williamson is a sister of Harry Howard Crockett.

IV

Harry Howard Crockett was for many years an employe of the Standard Pressed Steel Company and at the time of his death was insured as such employe under group policy no. 15400 G in the Metropolitan Life Insurance Company.

V

On July 31, 1952, the Metropolitan Life Insurance Company, in pursuance of a death claim under said group policy, issued its check, payable to Ambler Trust Company, guardian of Inez Rebecca Crockett, in the sum of $5,490.03 and sent the same to the Standard Pressed Steel Company.

## VI

The check described in the preceding finding was not delivered to the Ambler Trust Company because of a notice to the insurance company and the filing of a complaint in equity by Laura Williamson. The money was subsequently paid into court by the insurance company.

## VII

There was offered for probate in the office of the Register of Wills of Montgomery County, the following paper: .

"September 1, 1951

"I HARRY H. CROCKETT.

In sane and senable mind this said day. Saturday September 1-1951 will to my sister the said Mrs. Laura Williamson my Standard Pressed Steel Insurance and Pension & Social Security funds this Day & Date to be carried out & and Jessie Davis is to look after my Body and conduct my Burial to the best of his ability witnessed By. My sister and her border Names.

"Mrs. Laura Williamson    (Sgd.)
"Alfred E. Talbot    (Sgd.)

"My own hand Signature signed under Witness is Harry H. Crockett Sr. My & only sister for I am her youngester Brother Signed By Me.

"Harry H. Crockett Sr.    (Sgd.)"

The above paper is now in litigation in the orphans' court of this county.

## VIII

The Standard Pressed Steel Company had its employes insured under a group policy issued by the Travelers Insurance Company. It discontinued this policy and obtained the here-mentioned group insurance policy with the Metropolitan Life Insurance Company. The Metropolitan Life Insurance policy took effect on November 30, 1951.

## IX

The Metropolitan Life Insurance Company furnished forms called enrollment cards to Standard Pressed Steel Company by which the employes of the company were to designate the beneficiaries of any insurance that might become payable under the provisions of the group policy.

## X

On or about January 17, 1952, Raymond G. Parsons, an official of the Standard Pressed Steel Company, presented to Harry Howard Crockett one of these enrollment cards in the cafeteria of the Standard Pressed Steel Company and in the presence of Mr. Parsons, Harry Howard Crockett filled out the card in the following manner:

| Enrollment Card Request to STANDARD PRESSED STEEL CO. S P S JENKINTOWN PENNSYLVANIA | 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 Harry H. Crockett 56 Tennis Ave. Ambler, Penna. | Serial No. 259 Policy Nos. 15400 G 15430 G |
|---|---|---|

| Date of Employment | | | Date of Birth | | | | |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | Month | Day | Year | Male X | |
| 8 | 5 | 41 | 8 | 11 | 00 | Female | |

| Name of Beneficiary | Last | First | Middle | Age | Relationship to Employee |
|---|---|---|---|---|---|
| | Crockett | Inez | Rebecca | 16 | Daughter |

Full Address of Beneficiary

Same

Employee's Dependent Status as Defined in Announcement

| Single | Wife Only | Wife and Children | Children Only | Husband Only | Husband and Children |
|---|---|---|---|---|---|

I desire to be insured, until further notice, for the Dependent insurance for which I am or may become eligible under any Group policy issued by the Metropolitan Life Insurance Company to my employer, as described in my employer's current announcement, copy of which I have received, and I hereby authorize my employer, to deduct, from my pay, until further notice, by contribution to the cost of such insurance.

Date                          Signature of

Signed ————————————Employe ————

## XI

The words "Crockett — Inez — Rebecca," "16", "Daughter", were placed on the enrollment card by Harry Howard Crockett.

## XII

In the records of the Standard Pressed Steel Company, Inez Rebecca Crockett was carried as the beneficiary of the insurance of Harry Howard Crockett.

## XIII

The Metropolitan Life Insurance Company and the Standard Pressed Steel Company did not require that the enrollment cards should be signed by the employe and no cards were signed by the employes of Standard Pressed Steel Company.

## XIV

At the time of Harry Howard Crockett's death, no certificates or individual policies had been issued by the Metropolitan Life Insurance Company to the employes of Standard Pressed Steel Company.

## XV

The group policy of the insurance company (finding IV) contains the following:

"Section 7. INSURING CLAUSE.—Upon receipt by the Insurance Company of satisfactory proof, in writing, that any Employee insured hereunder shall have died while an Employee of the Employer, as defined in Section 1 hereof, the Insurance Company shall pay, subject to the terms hereof, to the Beneficiary of record of such Employee, the amount of Life Insurance, if any, in force hereunder on account of such Employee, in accordance with Section 6 hereof, at the date of his death."

## XVI

Inez Rebecca Crockett was the beneficiary of record of the insurance of Harry Howard Crockett, both on

the records of the Standard Pressed Steel Company and the Metropolitan Life Insurance Company.

## XVII

The week before Harry Howard Crockett died, he said to Raymond B. Parsons, an employe of Standard Pressed Steel Company, who called at Crockett's home on Tennis Avenue, Ambler, to deliver his sick benefit check:

"I know by youngest daughter . . . is taken care of. She won't have anything to worry about."

His youngest daughter was Inez Rebecca Crockett.

### Discussion

We have here to determine whether the enrollment card, finding X, is a valid designation of the beneficiary under the group policy issued by the Metropolitan Life Insurance Company to the Standard Pressed Steel Company.

We have found as a fact that Inez Rebecca Crockett was the designated beneficiary on the records of the Standard Pressed Steel Company and the Metropolitan Life Insurance Company. The courts have held that in a group insurance policy the employer acts as agent for the employe and not the insurance company: Bahas v. Equitable Life Assurance Society of the United States, 128 Pa. Superior Ct. 167, affirmed 331 Pa. 164; McFadden, Admx., et al. v. Equitable Life Assurance Society of the United States, 351 Pa. 570.

If the records of the Standard Pressed Steel Company incorrectly indicated the beneficiary of Mr. Crockett's insurance, the error should have been corrected for the insurance company was obligated to pay to the beneficiary disclosed by the records.

Counsel for Mrs. Williamson contends, however, that because the enrollment card was not signed by Harry Howard Crockett, the card was not a valid designation of beneficiary as required by section 6 of the Act of

May 11, 1949, P. L. 1210, as amended by section 2 of the Act of May 25, 1951, P. L. 410, 40 PS §532.6.

This section provides that among other requirements of a group policy it shall contain:

"A provision that any sum becoming due by reason of the death of the person insured shall be payable to the beneficiary designated by the person insured . . . living at the death of the person insured. . . ."

It will be noted that the legislature does not specify in what manner the beneficiary must be designated. If the insurer and the insured, acting through his agent, the employer, were satisfied that a beneficiary could be designated without the enrollment card being signed, there was nothing in the law to prevent them from paying to such beneficiary.

"The standard provisions required for individual life insurance policies shall not apply to group life insurance policies": Act of May 25, 1951, P. L. 410, sec. 2. The Act of May 17, 1921, P. L. 682, sec. 319, applies, in our opinion, only to cases of individual insurance policies when requested by members covered by a group policy.

We are therefore of the opinion that the proceeds of the policy on the life of Harry Howard Crockett should be paid to Ambler Trust Company, guardian of Inez Rebecca Crockett. Not only do we think this disposition of the fund is in accordance with the law, but also in accordance with the wishes of her father, the person insured.

A few words may be said in reference to the claim of Laura Williamson. She bases her claim on the writing (finding VII). This paper was signed before the Metropolitan Life Insurance Company's policy became effective and could not have referred to the insurance under that policy. Counsel contends that the Metropolitan policy was merely a continuation of other insurance in force when the writing was signed. We

cannot agree with this for it was a different policy issued by a different company.

It seems obvious to us that any benefit that Mrs. Williamson could receive from Mr. Crockett's insurance would have to come to her not as a beneficiary under the policy, but under the writing if held testamentary in character and valid as a codicil to the will of Mr. Crockett. Neither the insurance company nor the employer were ever informed that Mrs. Williamson was to be the beneficiary of the policy and the designation of Inez Rebecca Crockett was made after the date of the writing quoted in finding VII.

### Conclusions of Law

The designation of Inez Rebecca Crockett as beneficiary of the policy on the life of Harry Howard Crockett was in compliance with the contract of insurance and valid under the law.

The Ambler Trust Company, guardian of Inez Rebecca Crockett, is entitled to the proceeds of the life insurance policy described in the findings of fact.

The costs should be divided between the Ambler Trust Company, guardian, and Laura Williamson.

### Decree Nisi

And now, July 2, 1953, it is ordered, adjudged and decreed:

That the prothonotary mark these findings of fact and conclusions of law, filed, to become a part of the record of this case, and enter the following decree nisi:

The prothonotary is directed to pay to the Ambler Trust Company, guardian of Inez Rebecca Crockett, the sum of $5,490.03, or so much thereof as may be remaining after the payment of costs and counsel fees incurred by the proceedings to consolidate the two cases herein considered.

The costs of the two cases are to be equally divided between Ambler Trust Company, guardian of Inez Rebecca Crockett, and Laura Williamson.

Notice is to be given by the prothonotary as required by the Rules of Equity Practice that unless exceptions shall be filed within 10 days from this date, the decree nisi will become the final decree as of course.