McGinniss Appeal.

Argued June 9, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Ivan Michaelson Czap*, with him *Paul A. Rafferty*, for appellant.

*William N. J. McGinniss*, for appellee.

OPINION BY WRIGHT, J., July 3, 1959:

We are here concerned with a proceeding to determine which of two rival claimants is entitled to insurance proceeds payable on a group insurance policy issued by Metropolitan Life Insurance Company to The Electric Storage Battery Company, the employer of Mae V. Sharkey, deceased. The case was tried without a jury. The trial judge found for the plaintiff, Jean C. Sharkey. The interpleaded claimant, Thomas F. McGinniss, filed motions for a new trial and for judgment n.o.v. These motions were dismissed by the court en banc, and judgment was entered upon the finding of the trial judge. McGinniss has appealed. The facts are set forth in the following excerpt from the opinion below:

"Mae V. Sharkey, an employee of The Electric Storage Battery Company, died on June 9, 1955. At the time of her death, she was covered by a group life insurance policy issued by the Metropolitan Life Insurance Company to The Electric Storage Battery Company, covering the lives of employees of said company. The certificate in her possession named Thomas McGinniss, a nephew, as beneficiary.

"Jean C. Sharkey, a cousin of Mae V. Sharkey, claims that Thomas McGinniss was designated by mistake as beneficiary through a clerical error committed by an employee of The Electric Storage Battery Company, and that she is, in fact, the real beneficiary designated by Mae V. Sharkey in the manner provided for by the policy. Jean C. Sharkey filed a complaint in assumpsit against the Metropolitan Life Insurance Company. The latter, on December 12, 1957, filed a rule to show cause why Thomas McGinniss should not be interpleaded in this action. This rule was made absolute on December 27, 1958, and the Metropolitan Life Insurance Company was permitted to pay into Court

the sum of $4,135.96, representing the proceeds of the policy.

"Thomas McGinniss, the claimant, filed his complaint in assumpsit setting forth that he was the beneficiary named in the certificate issued to Mae V. Sharkey, and that he is entitled to the proceeds . . .

"It is undisputed that on September 20, 1939, Mae V. Sharkey, in accordance with the terms of the group insurance policy, delivered to her employer, in writing a designation of her mother, Lillian Sharkey, as beneficiary.

"On October 23, 1940, she signed a new application in which she designated her nephew, Thomas McGinniss, as beneficiary.

"On March 22, 1950, Mae V. Sharkey notified her employer that she had lost the certificate issued to her. She made application in proper form for a new certificate, and, at the same time, she filed a written application for change of beneficiary, designating her cousin, Jean C. Sharkey, as beneficiary in place of Thomas McGinniss. This was the last action taken by Mae V. Sharkey with reference to designation of beneficiary.

"Irene L. Ade, who is employed by The Electric Storage Battery Company, as group insurance administrator, and has been so employed since 1946, testified that the employer kept a registry card for every insured employee, containing, among other things, the name of the designated beneficiary. These registry cards are kept by the employer and not by the insurance company. When a change of beneficiary is made, the name of the prior beneficiary is blocked out, the name of the new beneficiary is inserted, and a certificate is issued.

"Mrs. Ade testified that when Mae V. Sharkey changed her beneficiary on March 22, 1950, there was an error in the administrative office in not blocking

out the beneficiary on the registry card and inserting the new beneficiary, although a certificate was issued in the name of the designated beneficiary, Jean C. Sharkey.

"On July 1, 1952, certain changes were made in the basic group policy establishing changes in the coverage. This necessitated the issuing of new certificates. These certificates were prepared, and the beneficiary of each certificate was taken from the registry cards in the possession of the employer, which had been sent to the insurance company for that purpose. Because of the error committed in the administrative office of the employer, the certificate issued to Mae V. Sharkey had the name of Thomas McGinniss inserted as beneficiary. This new certificate was issued without any affirmative act by Mae V. Sharkey. At the time of her death, it was found in her safe deposit box, together with three other policies of insurance, each of which designated Jean C. Sharkey as beneficiary. Between July 1, 1952 and the date of her death, Mae V. Sharkey visited her safe deposit box thirty-seven times".

Appellant contends that the instant factual situation requires as a matter of law the conclusion that he is entitled to the insurance proceeds. He argues that he was the named beneficiary in the only certificate of insurance in existence at the time of the insured's death, that the insured kept this certificate for three years without complaint, and that she must have known its contents and "ratified, accepted, and adopted" it as written. On the other hand, appellee contends that the trial judge properly found that she was entitled to the insurance proceeds because she was the last duly designated beneficiary of the insured, and the issuance of the new certificate with appellant as beneficiary was, "beyond per-adventure, a pure and simple mistake".

Appellant relies primarily on two cases. He first cites *McFadden v. Equitable Life Assurance Society*, 351 Pa. 570, 41 A. 2d 624. In that case the insured, in filling out the acceptance card, wrote the name "Betty Heyler" in the blank requiring the "full name of beneficiary". In the next line requiring the insertion of the "relationship to employee", the insured wrote the word "Estate". This ambiguity was detected by the insurance company, and a letter of inquiry was written before the issuance of a certificate designating the insured's executors or administrators as beneficiary. The Supreme Court held that there was an inference of some action pursuant to the letter, and emphasized that there was no evidence of mistake by the employer. While it was also stated that the receipt and retention of the certificate by the insured was evidence to support a finding of ratification and adoption, it is readily apparent that the case at bar presents a different factual situation. There was no ambiguity and no letter of inquiry in the instant case. On the contrary, there was an admitted error by the employer.

Appellant also relies strongly on *Burt v. Burt*, 218 Pa. 198, 67 A. 210. In that case the insurance company issued a "twenty year distribution policy" payable to the insured, his executors, administrators, or assigns, whereas the application for the policy under the designation of beneficiary had stated "self if living, if not, equally divided among my two nephews, two nieces . . . children of John T. Burt". An issue was framed in which the executrix was the plaintiff and the nephews and nieces were defendants. The verdict and judgment of the court below was for the defendants. The Supreme Court held that the application conferred no right on the beneficiaries named, and that the only possible suppositions were that the insured changed his intention and so notified the insurance

company, or that a mistake was made in writing the policy. In the latter event, said the Supreme Court, "the presumption is that the insured, who had the policy in his possession twelve years, knew its contents and accepted it as written". However, the order of the Supreme Court directing that judgment n.o.v. be entered for the executrix was subsequently rescinded, and a new trial was awarded to afford the nephews and nieces "an opportunity to prove that there had been a mistake in writing the policy of which the insured was at no time aware". The second trial also resulted in a verdict and judgment for the defendants, and the case was again appealed. See *Burt v. Burt,* 221 Pa. 171, 70 A. 710. This time the Supreme Court affirmed on the ground that the nephews and nieces had sustained the burden of proving that the insured intended them to be named as beneficiaries and was under the belief that their names appeared in the policy. It is therefore evident that the *Burt* case does not support appellant's contention. If anything, it demonstrates the danger inherent in attempting to formulate and apply artificial rules in this type of situation.

In support of appellant's argument that the insured must have read and understood the contents of the certificate, he cites *Reynolds v. Equitable Life Assurance Society,* 142 Pa. Superior Ct. 65, 15 A. 2d 464. That case states the duty of an insured "to read the contract and know its meaning". This principle does not control the instant situation wherein the insured had previously received a certificate correctly naming appellee as beneficiary. In the words of Judge DiNubile: "When she received the new certificate there was no reason for her to examine it to determine whether the beneficiary named was the beneficiary actually designated by her. She knew that she had done what the policy required in order to have Jean C. Sharkey desig-

nated as beneficiary, and she was entitled to assume that her intention to benefit Jean C. Sharkey was not vitiated without her knowledge or consent".

Appellant also asserts that the trial judge erred in excluding testimony concerning a statement purportedly made by Jean C. Sharkey that she had been named beneficiary in the insured's will, whereas no such will was found. This point was not treated in the opinion of the court below and was not stressed before us at oral argument. It does not merit discussion.

Judgment affirmed.