### Hefner v. Aetna Life Insurance Co.

*Charles H. Dorsett,* for plaintiff.

*Herman Blumenthal,* for defendant.

BOLGER, J., December 3, 1974.—William T. Hefner died on January 8, 1970. At the time of his death, he held a certificate booklet which evidenced that his life was insured under a group insurance policy carried

by his employer with the Aetna Life Insurance Company (hereinafter called "Aetna"). In this booklet, his wife, Loretta R. Hefner, is named beneficiary of his group life insurance. The case at bar is an interpleader action wherein Mr. Hefner's mother, Ethel K. Hefner, has laid claim to the proceeds of the group life insurance in question. She has done so on the grounds that at one time she had been designated beneficiary of the said insurance, and that any change in that designation which appears in the certificate booklet held by her late son at the time of his death is the result of a clerical error rather than an intentional act on his part.

This case was heard by the court, sitting without a jury, on April 23, 1974. The insurance proceeds were awarded to the wife on April 29, 1974. The mother filed exceptions which were heard by the trial court, sitting alone, on August 2, 1974. The exceptions were dismissed on October 4, 1974. The wife entered judgment upon the finding in her favor. The mother has appealed to the Superior Court. The following is the memorandum opinion sur the mother's exceptions.

Of the five exceptions filed by the mother, only number 2 and number 3 state precise objections to the award in favor of the wife. Exception number 2 ". . . excepts to the Order of the Court because no testimony was presented to the Court showing that the deceased had ordered a change of beneficiary."

Exception number 3 ". . . excepts to the Order of the Court because the only testimony showing how and what was intended to be given was by the Personnel Manager in charge of the Group Insurance Policies who testified that there had been no change of beneficiary of the Group Insurance Policy No. 40239."

In passing upon exceptions such as these, it is not the function of the court to reweigh the evidence and sustain or dismiss them because it now considers a different result more reasonable: Hilliard v. Anderson, 440 Pa. 625, 628 (1970). Rather, the award in favor

of the wife can be disturbed only if it ". . . is so contrary to the evidence as to shock one's sense of justice and . . . (an order sustaining the exceptions) is imperative so that right may be given another opportunity to prevail": Burrell v. Philadelphia Electric Company, 438 Pa. 286, 289 (1970). See also Kennedy v. Faush, 217 Pa. Superior Ct. 13, 17 (1970).

Among the documentary evidence offered by the wife is the certificate booklet referred to above, which was in her husband's possession at the time of his death and names her as beneficiary of his group life insurance. This designation appears on a piece of paper, frequently referred to as an Insert A, which is part of the booklet. The booklet was issued by Aetna. Its front page bears the legend:

"The insurance described in this Certificate replaces and supersedes the insurance in any and all certificates and riders previously issued for the employee under any and all group policies issued by Aetna Life Insurance Company. The name of the Employee and Beneficiary, the effective date of this Certificate and the amount of certain benefits appear on the accompanying INSERT A."

Insert A was prepared by clerks in the office of the employer's Director of Employee Relations. At the bottom of it, there is the following endorsement:

"This insert replaces any and all inserts that may have been issued previously for the above named employee by Aetna Life Insurance Company under the policies specified above."

On or about August 9, 1962, Mr. Hefner had designated his mother as the beneficiary of the group life insurance in question. She offered the testimony of the employer's Director of Employee Relations in an effort to establish that the change in the designation of beneficiary reflected in the certificate booklet held by her son at the time of his death was the result of a mistake on the part of a clerk in the former's office.

On or about May 1, 1969, Mr. Hefner's employer arranged for an extension of the coverage afforded to its employes under its group policy with Aetna to include major medical benefits in addition to the life insurance coverage which they had enjoyed prior to that time. Aetna supplied cards to the employer which were then provided to the employes for their use in signifying their election to accept or reject major medical coverage for themselves, their spouses and their other eligible dependents. These cards bore the following endorsement:

"I request my employer to arrange for the issuance of Group Insurance for which I am, or may become, eligible and, as to contributory insurance, authorize my employer to deduct from my earnings the required contributions."

Mr. Hefner filled in the boxes provided on one of the said cards under the foregoing endorsement, whereby he requested dependent's coverage; indicated that he had a spouse whose birth date was April 1, 1934; and indicated that he had two or more children. In addition to filling in the said boxes, he filled in the said lines with the name of his wife, her relationship to him—wife, and her address. These last three entries on the card provided by Aetna have given rise to the case at bar.

"In considering group insurance transactions, it is held that the employer acts as the agent of the employees and not of the insurer: . . .": McFadden v. Equitable Life Assurance Society, 351 Pa. 570, 575 (1945). The wife made out a prima facie case for recovery of the proceeds of the insurance in question when she produced the certificate booklet with the Insert A naming her as beneficiary. As a result thereof, the burden rested upon the mother to prove that her late son had not intended to designate his wife as the beneficiary of his group life insurance: McFadden, supra, at page 575. "The standard of such proof is that

it should be clear, precise and indubitable in the sense that it carries conviction to the mind: . . .": Burt v. Burt, 221 Pa. 171, 173-74 (1908). Beyond the application of the foregoing general principles, it is dangerous to attempt to formulate and apply artificial rules in the type of case now at bar: McGinniss Appeal, 190 Pa. Superior Ct. 138, 144 (1959). Each such case is sui generis.

The employer's Director of Employee Relations did not intend that any markings made by Mr. Hefner upon the card supplied by Aetna should have the effect of changing the designated beneficiary of the latter's group life insurance. As a result of the addition of major medical coverage to the existing life insurance coverage, Aetna issued a new certificate booklet for Mr. Hefner. The office of the Director of Employee Relations prepared the new Insert A which formed part of the new certificate booklet and forwarded them both to Mr. Hefner. The only explanation which the Director of Employee Relations could offer for the change in beneficiary which appears on the face of the new Insert A is:

"I can only assume, in retrospect, that, rather than go to another card in a separate file, the typist went to this card because there was in fact an Insert A prepared and issued and sent to the home of Mr. Hefner naming Loretta as beneficiary."

He could say no more because he was not personally aware of the contents of the new Insert A which was sent to Mr. Hefner, at the time at which it was dispatched.

There was, indeed, evidence presented to the court which showed that William T. Hefner had ordered a change of beneficiary of his group life insurance. His act of filling in the name and address of his wife as beneficiary on the Aetna card which bore the broad endorsement quoted above raised the inference in the mind of this trier of fact that he did intend, thereby,

to change the beneficiary of his said insurance. His acceptance and retention of the new certificate booklet, with its new Insert A, each of which bore the endorsements quoted above, raised the further inference that the change of beneficiary reflected in them merely realized his intention that this should be done.

The mother offered no direct evidence of her late son's intention when he signed the card which undoubtedly generated the change of beneficiary under discussion. She offered no direct evidence explaining his acceptance and retention of the new certificate booklet and Insert A. Instead, her evidence has made two things perfectly clear. Mr. Hefner's employer intended that the said card should serve only to convey its employes' desires on the subject of the new major medical insurance coverage. The change of beneficiary to the wife is regarded by the employer as no more than the result of a clerical error in the office of its Director of Employee Relations. However, the key issue of fact in this case was the insured's intention, not that of his employer's Director of Employee Relations. On this issue, the mother had the burden of going forward with the evidence and the burden of persuasion: McFadden, supra, at page 575. The award in favor of the wife reflects the opinion of this trier of fact that the mother failed to present evidence of sufficient precision, clarity and weight to convince it, by a fair preponderance of the evidence, that Mr. Hefner did not intend to make his wife the beneficiary of his group life insurance.

In light of the foregoing discussion, this court finds nothing shocking to its sense of justice in the finding for the beneficiary named in the certificate booklet held by the insured at the time of his death. This case has been tried twice, with opposite conclusions having been reached by the two triers of fact. The result before this court is not so contrary to the evidence as to require a third trial so that right may be given another

opportunity to prevail. Therefore, all exceptions are dismissed.