Linda K. BANDURA, Plaintiff,

v.

FIDELITY & GUARANTY LIFE INSURANCE COMPANY, Defendant,

v.

Joseph J. BANDURA, Third-Party Defendant.

Civ. A. No. 77–630.

United States District Court,
W. D. Pennsylvania.

Jan. 19, 1978.

**830**

Wallover & Steff, Beaver, Pa., for plaintiff Linda K. Bandura.

Stein & Winters, Pittsburgh, Pa., for Ins. Co.

McClain, Petrush, Young & Miller, Beaver Falls, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

This is an action originally brought in a state court by Linda K. Bandura, widow and designated beneficiary of an insured, against defendant, Fidelity & Guaranty Life Insurance Company, to recover all of the proceeds of a policy of insurance issued by the defendant on the life of Alan J. Bandura. After the suit was filed the defendant caused it to be removed to this court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction. After the removal the defendant brought in Joseph J. Bandura as a third party defendant under both a cause of action in Interpleader for part of the proceeds of the policy which had not been distributed and also for a cause of action for unjust enrichment for part of the proceeds of the policy which had previously been paid to said third party defendant.

Both the plaintiff and the third party defendant have moved for summary judgment under claims which will be discussed more fully later, and the defendant insurance company maintains that its position is that of a neutral stake holder.

The undisputed facts here are set forth in two related documents, the application for insurance coverage under a group life insurance policy issued to the insured employer, and the certificate of insurance issued to the insured in consequence of the application. They form part of one contract as set forth under the terms of the Group Policy involved here.

> Contract. The policy and the application of the Policyholder and the application of the Individuals, if any, shall constitute the entire contract between the parties. . . . (p. 9, Group Policy).

The application is identified as "Group Enrollment Card", which is a printed form having two sides. On the front of the application there is a space for name of a beneficiary and this is filled in by hand printing as "Linda K. Bandura", and the next line provides for the entry of Relationship of Beneficiary and this is filled in as "wife". After both the printing "name of beneficiary" and the "relationship of beneficiary" there is an asterisk, and at the bottom of the card an asterisk precedes the following printed notation: "If death benefit is to be split show other beneficiaries, relationship and % of benefit for each in 'Remarks' on back of card." On the back of the card under "Remarks", there is filled in

handprinting "Joseph J. Bandura, father, jointly with wife, 20,000 wife, 10,000 father."

The Group Policy became effective July 1, 1974. The signed application of Alan J. Bandura, the insured employee, was dated July 2, 1974. Shortly thereafter a Certificate of Insurance was issued by the defendant insurance company to Alan J. Bandura which recites that "The individual named below is entitled to the benefits described in the Certificate." Under the space for Designated Beneficiary appears only the name of "Linda K. Bandura", relationship, "wife".

The benefits provided under the policy were $30,000 life insurance, and an additional $30,000 for accidental death and dismemberment.

The insured Alan J. Bandura died in an automobile accident on November 26, 1976 while the said policy was in force.

The defendant insurance company has paid benefits of $20,000 to Linda K. Bandura, and $10,000 to Joseph J. Bandura, under the life insurance coverage provision of the policy. In face of the claims of both beneficiaries it has paid no part of the accidental death benefits but has impleaded that portion of the insurance coverage into court.

Plaintiff Linda K. Bandura claims that she is entitled to the entire proceeds of the policy for both the life insurance coverage and the accidental death benefit. She acknowledges the receipt of the $20,000 on the life benefit. The third party defendant Joseph J. Bandura claims that he is entitled to the $10,000 already paid on the life insurance benefit and an additional $10,000 on the accidental death benefit.

■ it appears to the court that the insured did everything that was required of him to designate the beneficiaries of the policy correctly. The asterisk printed beside the space for the name of the beneficiary referred to an asterisk at a footnote which instructed him that if the benefit was to be split, the other beneficiaries and their relationship and their percentage should be entered under "Remarks" on the reverse side of the card. He did exactly this by entering the names and their respective shares in dollar amounts under "Remarks" on the back of the card. While he did not specify the percentages of benefits of the whole insurance coverage, he made a two-third—one-third division of the face amount of the policy in doing so. He failed to make any specific reference to the distribution of the accidental death benefit, but in the absence of any indication to the contrary we adopt the inference that he wished the entire proceeds of the policy to be divided in the same ratio that he indicated for the face amount. Nothing on the application card indicates that any distinction is to be made between the face amount of the policy and the accidental death benefit or to indicate that any separate treatment would be given to the accidental death benefit.

We find nothing to support the argument that the division of the policy proceeds between the wife and the father as entered on the reverse side of the application card amounted to a request for change of beneficiary which never became effective. The insured took no subsequent action after filling out the original application form to show any intention to change the beneficiaries that he had originally designated on the card. In any event such a change of beneficiary must be made in accordance with the terms of the policy, including the signature and delivery by the insured of a written request for such action.

The plaintiff, Linda K. Bandura, argues that the Certificate of Insurance issued to Alan J. Bandura, named only his wife Linda K. Bandura, as the designated beneficiary and the fact that the insured accepted and retained this policy for a period slightly over two years without voicing any protest or complaint or attempting to effect a change of beneficiary proves that he accepted and acquiesced in the designation of beneficiary appearing on the Certificate. Because we reject the argument that the notation of the shares of the two beneficiaries on the reverse of the application was an ineffective attempt to change beneficiaries

we regard that body of case law dealing with the requirement for a change of beneficiary to be inapplicable here. Because the application card forms part of the policy and the application card was properly filled out according to the instructions of the insurance company to indicate that Linda K. Bandura was to receive $20,000 of the proceeds and Joseph J. Bandura was to receive $10,000 of the proceeds, we cannot find that the insured was bound by the mistake of the insurance company in noting on the certificate of insurance that Linda K. Bandura was the sole beneficiary. In *McGinnis Appeal,* 190 Pa.Super. 138, 152 A.2d 784 [1959], where the insured retained a certificate of insurance for almost three years which erroneously listed a beneficiary other than that indicated by a properly filed change of beneficiary form, the court held that such conduct by the insured did not constitute an acceptance and ratification of the erroneously designated beneficiary.

> When she (the insured) received the new certificate there was no reason for her to examine it to determine whether the beneficiary named was the beneficiary actually designated by her. She knew that she had done what the policy required in order to have Jean C. Sharkey designated as beneficiary and she was entitled to assume that her intention to benefit Jean C. Sharkey was not vitiated without her knowledge or consent. (pp. 144–45, 152 A.2d pp. 786–87)

We do not find controlling the other Pennsylvania cases which have applied the doctrine of ratification and adoption of a beneficiary named in a policy. *Burt v. Burt,* 218 Pa. 198, 67 A. 210 [1907] so held on the grounds that the application conferred no right on the beneficiaries named, but in the present case the policy terms make the application a part of the contract. In *Burt* the insured retained the policy for 12 years and the court held this to indicate ratification.

In *McFadden v. Equitable Life Insurance Co.,* 351 Pa. 570, 41 A.2d 624 [1945] there was an original ambiguity in the insured's application, a single named beneficiary, plus a designation of relationship as "estate". The policy was issued showing the estate as beneficiary. Insured received this and retained it for more than six years. This supported an argument of ratification primarily because it is not inconsistent with the original ambiguous designation of the beneficiary on the application. We find no inconsistency in the instant case in the original application; the insured followed exactly the instruction of the insurance company in filling out the application.

The showing of only one person's name as "Designated Beneficiary" in the Certificate of Insurance is not inconsistent with the beneficiary designation procedures specified on the enrollment card. The enrollment card speaks in the singular number and provides space for only one name to appear in the "Name of Beneficiary" block. On the front of the card because the asterisk and its footnote direct that shares of multiple beneficiaries be set forth in the "Remarks" section on the back of the card, an insured therefore might reasonably expect only the original name to appear on his Certificate of Insurance and still rely on his Designation of Beneficiaries in the space provided on the back being complied with by the insurance company.

■ The interpretation of a policy of insurance is a question of law for the court. *Blocker v. Aetna Casualty & Surety Company,* 232 Pa.Super. 111, 332 A.2d 476 [1975]. The contract should be construed to carry out the intention of the parties. *Sack v. Glen Falls Insurance Co.,* 356 Pa. 487, 52 A.2d 173 [1947]. The interpretation of the insurance policy must be reasonable and such as probably was in the contemplation of the parties when the contract was made. *Ferry v. Protective Indemnity Company,* 155 Pa.Super. 266, 38 A.2d 493 [1944]. Following those principles, the court believes that it is reasonable to conclude that when the insured contemplated the division of the $30,000 life insurance coverage that would be paid on his death, he intended that his wife receive two-thirds of the coverage and his father one-third of the coverage, as indicated by his division of $20,000 and $10,000.

We believe further that it is reasonable to conclude that he was contemplating the face amount of the insurance coverage that was being provided. He did not make any special provision with respect to the additional accidental death benefit and in the absence of any evidence to the contrary, we believe that it is reasonable to conclude that the decedent intended that any additional coverage the policy might provide would be divided between the named beneficiaries in the same ratio as the face amount of the policy. Both of the beneficiaries so designated are the natural objects of his bounty and a reasonable conclusion is that he wished them to be treated in the same ratio for any additional benefits. The rule of construction that requires liberal construction of a policy of insurance in favor of the natural object of the insured's bounty applies equally to both claimants here.

Under all of the circumstances, we conclude that the intention of the parties as set forth in the documents to be construed was that the entire proceeds of the insurance, both the regular death benefit and the additional accidental death benefit, were to be divided in the same manner, two-thirds to the wife Linda K. Bandura, and one-third to the father Joseph J. Bandura.

■ The defendant insurance company has asked for an award of its court costs and reasonable attorney's fees in this action because it is a stakeholder and as such fees may be allowed in the discretion of the court in Interpleader actions. Such awards are within the discretion of the court and are ordinarily considered and awarded to stakeholders who undertake to petition the court to determine entitlement to the proceeds of insurance policies. However, we do not think it appropriate in this case to do so because the defendant insurance company did not initiate this action in this court as an interpleader action in the first instance. Suit was brought against it in the state court and after removal to this court, it joined a third party defendant and asserted an interpleader cause of action. A more compelling reason causes us to deny the defendant insurance company costs and attorney's fees. Its own inattention to the instructions of the insured and its clerical error in the issuance of the Certificate of Insurance contrary to the clear instructions of the insured on his application for insurance was the cause of this litigation. In these circumstances we will deny the request of the defendant for costs and attorney's fees.

An appropriate order will be entered.